THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DANIEL J. WOODS, PLAINTIFF IN ERROR.

Submitted March 25, 1901—Decided June 10, 1901.

1.  The failure of the sheriff to make legal service upon one or more of the persons drawn upon a struck jury, summoned to serve on the trial of an indictment, who for that reason were absent at the trial, is not sufficient ground to quash the array, provided a sufficient number attend to try the cause.

2. Nor will a challenge to the array of such a jury be sustained on the ground that the motion for the struck jury, although regularly made and allowed in open court, had not been formally written up in the minutes of the court, but a memorandum of which had been made and entered by the clerk in a minute-book or blotter kept by the clerk in his office for that purpose, in accordance with the usage of the court, unless it should appear that the defendant has suffered injury because of the brief and informal character of such entry.

3. Where the record shows that an indictment found in the Oyer and Terminer, by an order of that court, has been handed down to the Court of Quarter Sessions for trial, it is sufficient to give the latter court jurisdiction.

On error to the Camden Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff in error, *Harrison H. Voorhees* and *John W. Wescott.*

For the defendant in error, *Frank T. Lloyd,* prosecutor.

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review exceptions to the rulings of the Camden Quarter Sessions. The defendant was convicted upon an indictment charging the habitual sale of intoxicating liquor on Sunday.

The only exceptions that have been pressed are those taken to the overruling of a motion in behalf of the defendant to quash the array of jurors. A written challenge was interposed stating the grounds of the motion. The contention is that the panel of forty-eight struck jurors had not all been properly summoned. The evidence was that three or four of the jurors were away and their houses closed up, so that the sheriff could not serve them regularly, and therefore placed the notice under the doors of their residences and mailed one to an absentee at his out-of-town address. The statute regulating proceedings for a struck jury requires that the sheriff, or other officer, shall annex the list of struck

jurors to the *venire facias,* and return the same as the panel
of the jury to try the cause and summon them according to
the command of the said writ.   *Gen. Stat., p.* 1856.   The
argument is that if the failure of the sheriff to summon one
is immaterial, then it would be immaterial if he failed to
summon the entire panel.   There is no question in this case
of any want of *bona fides* in the sheriff's action, and no alle-
gation that defendant was actually prejudiced; so that the
naked question is whether such an accidental failure to pro-
cure service upon certain jurors of the panel entitles the
defendant, upon a criminal trial, to have the panel quashed.
This same question was decided by this court in *Smith* v.
*Smith,* 23 *Vroom* 207, where a similar ruling was distinctly
upheld.

If enough of the special jurors attend to try the cause the
trial may proceed, although certain of the jurors have not
been summoned.   *Thomp. & Merr. Juries* 14.

"Generally speaking," says Dr. Wharton, "under the sta-
tutes, the mistake or informality of the officers charged with
summoning, returning and empaneling the jury will be no
ground for a new trial; unless there has been fraud or collu-
sion or material injury to the defendant."   *Whart. Cr. Pl.*
886; *Rex* v. *Hunt,* 4 *Barn. & Ald.* 430, and cases cited.   See,
also, *Patterson* v. *State,* 19 *Vroom* 381.

It is further contended that no rule or order for a struck
jury was made or entered until after the jury had been em-
paneled and after the challenge to the array had been filed
and discussed.   Evidence was taken upon this point, and it
was shown that the motion for a struck jury was regularly
made at the proper time in open court, in presence of the
defendant's counsel, who opposed the motion, but it was
granted.   This much appeared in the clerk's blotter, but the
order had not been formally written up in the minutes of
the court when the challenge was filed.

The statute empowers the court or any judge thereof, "on
motion," &c., to "order a jury to be struck," &c., and adds
that, "upon making said order, the jury shall be struck, served
and returned in the same manner," &c., as in civil causes,

&c. *Pamph. L.* 1898, *p.* 894, § 75. The succeeding section (seventy-six) says: "When a rule for a struck jury shall be entered in any criminal case," the court granting such rule may proceed to select the persons, &c. *Id., p.* 895. The contention is that the rule must be actually entered before the court or a judge has jurisdiction to strike a jury under that statute, and that the clerk's entry in the blotter was not sufficient to answer the requirement.

The county clerk was called by defendant's counsel, and produced and read from what he described as the blotter and as the record that he kept in court. The deputy clerk who attended and made the entries in this blotter was also examined as to its uses, and, speaking as to the Quarter Sessions Court, testified:

"*Q.* Why * * * such an order was made; does it not appear in the book of minutes?

"*A.* It is very often the case that we let the motions and rules accumulate in the blotter until we get sufficient to write up in the minutes, and it is done at one stated time—that is, if a minute is made on the blotter to-day, it may not be entered for probably a week, or two weeks, or three weeks, or it may be entered to-morrow."

The deputy clerk also repeated, verbatim, the entries on the blotter under date of July 27th, 1900, as follows:

"The prosecutor informed the court that he had given notice to the following named defendants that he would move for a struck jury: Daniel J. Wood, W. J. Gallagher, John Dugan, Patrick Carr, Gottlieb Foehl, Joseph M. Dolt. In the case of Daniel J. Wood, Mr. Voorhees objected to the motion of the prosecutor to call a struck jury.

"In the case of the State *v.* William J. Gallagher, Mr. Voorhees objected to the motion of the prosecutor to call a struck jury. Motion allowed. Will strike jury August 17th, and trials August 20th."

He also testified that the date of the order was July 27th, 1900, and that Mr. Harrison H. Voorhees appeared as counsel for the defendant Wood on that motion.

The record shows that notice was given to the defendant

on August 17th of the striking of a jury for the trial of this cause on August 24th, 1900, at ten A. M., at the court house, in the city of Camden. The venire and panel annexed, signed by the judge, also appears tested August 24th, 1900. The trial took place September 5th, 1900.

Since it does not appear that the defendant has suffered any injury from the brief and informal manner of the above entries in the clerk's blotter or minute-book, from deficient notice of the order for the striking of the jury or otherwise, I think the above entry is sufficient in substance to answer the requirement of the statute, provided the character of the record-book in which they appear is sufficient. It seems to have been the usage of the court in this case for the clerk to take down its doings in brief notes in a minute-book or blotter, from which a full record afterwards was to be made up in the regular minutes of the court. It is a matter of common knowledge that this usage is very general with our courts. It has been held, and rightly, I think, that the clerk's minute-book or docket containing such brief notes is the record, until the technical record is made up in proper form by the proper recording officer, and is admissible in evidence as such. 20 *Am. & Eng. Encycl. L.* 491, 492, and cases cited.

Before the trial was proceeded with the clerk, under the direction of the court, made the regular formal entry of this rule in the minutes of the court. Whether this entry was, of itself, sufficient, entered *nunc pro tunc,* to sustain the proceeding, it is not now necessary to determine.

The next contention is that the court erred in that when the ninety-six names were selected from which forty-eight names were stricken, leaving the panel of forty-eight for the trial of this indictment, the court also selected the same ninety-six names from which to strike a jury in the cases of five other defendants under indictment for the illegal sale of liquor. The record does not show these allegations, but if it did, it is difficult to see where the court acted illegally in what it did in the striking of the jury in this case. No authority is cited in support of this ground of challenge. The defendants named were separately indicted, for distinct offences, so far as appears. So far as appears, the trial of this indictment ante-

dated the others, and it is difficult to see how this defendant was in any way prejudiced by the act complained of. Certainly no injury is shown.

Another complete answer to these several grounds for error above stated lies in the fact that it does not appear that the alleged errors may have prejudiced the defendant in maintaining his defence upon the merits. For such errors no judgment upon any indictment shall be reversed. *Pamph. L.* 1898, *p.* 915, § 136.

It is also assigned for error that the court had no jurisdiction to try the indictment. The record shows that the indictment was found in the Oyer and Terminer, and that, on July 6th, 1900, an order was made in the Oyer and Terminer, on motion of the prosecutor, handing down the indictment to the Court of Quarter Sessions for trial. The contention is that the record does not show compliance with the statute. *Pamph. L.* 1898, *p.* 869, § 8. This precise objection was made in *Engeman* v. *State, 25 Vroom* 247, and held by the Supreme Court to be without merit.

But if there was anything in this contention, the record shows that the defendant pleaded to this indictment in the Quarter Sessions, and that a trial upon the merits was had thereunder without objection. This was held by the Court of Errors to be a waiver of an irregularity of procedure of the character named. *Winters* v. *State, 32 Vroom* 613.

The other assignments of error were not argued, and finding no error in the record, my conclusion is that the judgment should be affirmed.