OTTO P. MOEBIUS, APPELLANT, v. GEORGE WILLIAMS, IMPLEADED, &c., APPELLEE.

Submitted March 20, 1913—Decided June 12, 1913.

1. Where, on the plaintiff's case, there is testimony to support his claim, and also testimony tending, if believed, to defeat it, a disputed question of fact arises, and a nonsuit is improper.
2. This rule is not affected by the fact that the case is tried without a jury.
3. A party calling a witness is in no way concluded by his testimony.
4. Whether section 3 of the act of 1901 (*Pamph. L., p.* 331; *Comp. Stat., p.* 72, *pl.* 87) legalizes the summary killing of a dog found chasing, worrying or wounding chickens, *quære.*

On appeal from the Camden District Court.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Bergen & Richman.*

The opinion of the court was delivered by

PARKER, J. This was a suit for shooting and killing the plaintiff's dog. There were two defendants, as to one of whom nonsuit was entered without objection of plaintiff, and when the plaintiff rested his case an involuntary nonsuit was also entered as to the defendant Williams. From that nonsuit the present appeal is taken.

The ground of nonsuit appears to have been that it was conclusively established on plaintiff's evidence "that his dog had been killing chickens, or was in the act of killing chickens, and that the killing of the dog was therefore justifiable."

Section 3 of the act of 1901, page 331 (*Comp. Stat., p.* 72, *pl.* 87), provides that "if any dog shall be found killing, worrying or wounding any sheep, lamb, domestic animals or poultry, and the owner  *  *  *  being informed thereof shall refuse to kill such dog,"  *  *  *  such owner shall forfeit

$10 and pay triple damages for the injury, "and it shall be lawful for any person to kill any dog which may be found chasing, worrying or wounding any sheep, lamb or domestic animal." It is noticeable that the word "poultry" in the first part of the section is significantly omitted in the second; and it might well be said that the legislature did not intend to authorize the summary killing of a dog found chasing chickens. A decision on this point, however, is not essential to a disposition of the case, and may as well be reserved in the absence of any argument or brief for the appellee. Assuming that such killing was authorized by statute, the trial court erred in holding that the facts conclusively appeared as stated in its ruling quoted above. The plaintiff had testified that his dog trailed a chicken or chickens; that he, plaintiff, called his dog and that the dog was coming to him when shot by defendant. On cross-examination plaintiff admitted that the dog had been chasing chickens but had killed none; and on redirect explained that he did not mean that the dog had been chasing chickens, but that he had been trailing chickens and was obeying a call when shot. The defendant was then called as a witness for plaintiff and testified that he shot the dog. His counsel then asked him whether the dog had not been killing chickens. This was objected to as not proper cross-examination but allowed, and answered in the affirmative. It was substantially on this evidence that the court nonsuited, holding that "the evidence of the defendant Williams was binding on the plaintiff, and established that the dog had been killing chickens or was in the act of killing chickens."

It may well be doubted whether the cross-examination was properly allowed. The rule ordinarily followed by our trial courts is to limit the scope of cross-examination to matters fairly comprehended within the direct, except for purposes of impeachment, testing of memory, and so on. Professor Wigmore argues strongly for cross-examination on any matter embraced in the issue. *Wigm. Ev.,* § 1884 *et seq.,* citing *State v. Zellers,* 2 *Halst.* 220, 229; *Donnelly* v. *State,* 2 *Dutcher* 463, 494, and *Disque* v. *State,* 20 *Vroom* 249. The recent case

of *Prout* v. *Bernards Land and Sand Co.,* 48 *Id.* 719, and cases there cited, relate to matters within the scope of the direct examination. In the present case the witness was hostile, and called on one point only, viz., the actual killing.

But passing this point, and treating the admission of the defendant's testimony on cross-examination as proper, the court erred in regarding the plaintiff as concluded thereby. The idea that a party calling a witness is "bound" by his testimony is a prevalent one, but is none the less a fiction. He may not impeach his character for veracity, nor impugn his credibility by general evidence to show him unworthy of belief, but he may prove the truth of any particular fact by any other competent testimony, in direct contradiction to what such a witness may have testified. *Ingersoll* v. *English,* 37 *Vroom* 463, citing 1 *Greenl. Evid.* (16th ed.) 442, 443b; *Wigm. Ev.,* §§ 897, 908. Consequently, the court could not nonsuit on the ground stated if there was any conflict between the evidence of plaintiff and that of defendant on the facts required to bring the case within the statute cited, even if such statute be construed to legalize the killing of a dog found killing or chasing chickens. If the defendant had rested his case, the finding of the court on weight of evidence would be final; but a nonsuit was improper, even in a trial without jury. *Weston Co.* v. *Benecke,* 53 *Vroom* 445. There was the same contradiction as to the dog chasing chickens, so the nonsuit cannot be supported on that ground, nor on the further suggested ground that the dog was not registered and was straying. *Pamph. L.* 1894, *p.* 42;. *Comp. Stat., p.* 71, *pl.* 80.

No ground being perceived on which the nonsuit can be justified, the judgment will be reversed and the cause remanded for a new trial.