FRANK LENZ, RESPONDENT, v. PUBLIC SERVICE RAIL-WAY COMPANY, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

1. Impeachment is an attack upon a witness' general reputation for truth and veracity. and is not, strictly speaking, the effect which is produced upon the credibility of his testimony by proof of contradictory statements made by him upon a matter in issue or relevant thereto.

2. An excerpt from a charge to a jury that "in this case there is nothing to impeach the credibility of any of the witnesses; they all stand, as far as this case is concerned, as being entitled to an equal amount of credit for their testimony, except as you may observe from their attitude on the stand, whether they have been free and open or not," examined in connection with the context, and *held* to refer to the method of impeaching a witness through a direct attack upon his general reputation for truth and veracity.

3. So long as the law is stated correctly and intelligently. the ultimate test of the soundness of instructions is not what the ingenuity of counsel can, at leisure. work out the instructions to mean, but how and in what sense. under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole.

4. Under such circumstances the inquiry should be whether the jury would have been misled to the injury of the party complaining by the language of the court.

---

On appeal from the Supreme Court.

For the appellant, *Leonard J. Tynan.*

For the respondent, *Adam J. Rossbach.*

The opinion of the court was delivered by

ACKERSON, J.  This was a suit in the District Court of the second judicial district of the county of Essex for damages resulting from the collision of plaintiff's automobile with a trolley car of the defendant company at or near the intersection of Warren and Eleventh streets, in the city of Newark.  The plaintiff obtained judgment, from which an appeal was taken to the Supreme Court, which affirmed the judgment below.  Whereupon the defendant appealed to this court.

Only one of the several specifications of determinations and directions of the District Court with respect to which the defendant was dissatisfied in point of law, and which were presented to the Supreme Court, is argued on this appeal, viz., that the District Court, over the objection of the defendant, charged the jury as follows:

"In this case there is nothing to impeach the credibility of any of the witnesses; they all stand, as far as this case is concerned, as being entitled to an equal amount of credit for their testimony, except as you may observe from their attitude on the stand, whether they have been free and open or not."

It is argued by the defendant that this portion of the charge was erroneous because one of plaintiff's witnesses, a Mrs. McAdams, testified on direct examination that the distance between plaintiff's automobile and the trolley car, when the automobile actually got on the track in front of the trolley car, was from one hundred to one hundred and fifty feet, which was contradicted by a previous written statement signed by her, and introduced in evidence by the defendant, in which this distance was given by her as not more than five feet, and it is urged that because of this contradictory statement there was something to impeach the credibility of this witness, and that therefore the trial judge erred in charging as above quoted.

The difficulty with the defendant's contention is that it seeks to apply to the word "impeach" a meaning entirely

different from that given to it by the trial judge, and as heretofore defined by this court, and in order to do so segregates from the body of the whole charge the single sentence above quoted without regard to other statements in the context which make the meaning perfectly plain.

Impeachment, as heretofore defined by this court, is an attack upon a witness' general reputation for truth and veracity, and is not, strictly speaking, the effect which is produced upon the credibility of his testimony by proof of contradictory statements made by him upon a matter in issue or relevant thereto. *Fox* v. *Forty-four Cigar Co.,* 90 *N. J. L.* 483, 488.

That the trial judge used the word "impeach" in the sense above defined is apparent from an examination of other portions of the charge, for in connection with the excerpt in question and above quoted, he said:

"You are the judges of the truth of the statements made by the witnesses on either side; it is for you to say whether you believe the story told by the plaintiff and his witness, Mrs. McAdams, as to how this accident happened, or whether, on the contrary, you believe the story told by the motorman and the two or three passengers that were in the trolley car. * * * The number of witnesses produced on either side does not mean that the side which has produced the greater number of witnesses has produced a preponderance of evidence; but if all of the witnesses on one side tell a story which is almost identical (with the usual variance which comes when any one of us who stand and see an event do not relate it the same) and there is nothing to prejudice your mind as to the way the witnesses tell their story or as to their credibility on the stand, or their apparent willingness and openness in telling the truth, then you can consider that the side that has produced the greatest number of witnesses has borne the greater weight in presenting the testimony. But, as I said, it does not mean the greater weight by itself. You can only arrive at that by judging the quality and character of the testimony given and the attitude and appearance of the people on the stand; the frankness and openness with

which they gave it, and whether they try to evade or equivocate or any of such things.  You are to take into consideration as to which witnesses you believe as having told the truth."

There can be no doubt, therefore, that the court left to the jury the duty of determining the weight and credit to be given to the testimony of each witness, and that in making the statement that "there is nothing to impeach the credibility of any of the witnesses," the court referred to the method of impeaching a witness through a direct attack upon his reputation for truth and veracity.  As was said in the case of *Kargman* v. *Carlo*, 85 *N. J. L.* 632, 638:

"So long as the law is stated correctly and intelligently, the ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and circumstances of the trial, would ordinary men and jurors understand the instructions as a whole."

The inquiry should be whether the jury would have been misled to the injury of the defendant by the language of the court, and in this case we think it clear, in view of the context, that they could not have been misled by the charge as an entirety.  *Brown* v. *Spence*, 79 *N. J. L.* 452; *Crosby* v. *Wells*, 73 *Id.* 790, 811.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—None.