BEATRICE BROTMAN, APPELLANT, v. EMANUEL DOAN, RESPONDENT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *Louis C. Friedman* and *Ward & McGinnis*.

For the respondent, *William B. Stites*.

The opinion of the court was delivered by

MINTURN, J.  The plaintiff was nonsuited at the Circuit upon the following state of facts.  The night of November 6th, 1926, was dark and stormy, necessitating, where possible, the use of an umbrella by pedestrians.

The plaintiff, a young woman, in these conditions, attempted to cross East Eighteenth street, at the corner, where it intersects Tenth avenue, in the city of Paterson.  She testified that before attempting to do so she exercised the ordinary legal precautions imposed upon pedestrians of looking up and down the street to observe the approach of vehicles;

that in so doing she was compelled to protect the right side of her face from the driving rain, but that, nevertheless, she observed a number of cars approach in both directions, and when she concluded that the way was sufficiently unimpeded to insure her passage in safety, she looked again, and observing no approaching vehicles near enough to endanger her passage, she stepped from the curb and took about three steps into the highway, when the defendant's car approaching from her left, without signal or lights, so far as she could observe, struck her and rendered her unconscious, necessitating her removal in the defendant's car to a hospital for treatment. To recover damages for the fall and injuries thus received she instituted this suit.

The theory upon which the nonsuit was directed was that the defendant was not shown to be negligent, and that the plaintiff was guilty of contributory negligence upon the evidence adduced.

The plaintiff was the only witness produced in support of her case, a situation which was created doubtless by the fact that the storm was such as to make traveling by pedestrians uninviting. In any event, whether her story were true or erroneous, whether she was negligent or the defendant was negligent under all the facts and circumstances, presented an issue of fact, which could only be legally met by an explanation or defense upon the part of the defendant.

This rule of law has become so stereotyped in legal literature, by repeated federal and state adjudications, that its mere statement in this day is recognized as a legal aphorism. *Napodensky* v. *West Jersey Railroad Co.,* 85 *N. J. L.* 336.

The judgment will be reversed and a *venire de novo* ordered.

*For affirmance*—BLACK, J.  1.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.  14.