BERT TRUSSELL, BY HIS NEXT FRIEND, HELEN TRUS-
SELL, AND HELEN TRUSSELL, PLAINTIFFS-RESPOND-
ENTS, v. JOHN GIBSON, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided June 21, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *Arthur T. Vanderbilt.*

For the plaintiffs-respondents, *David Cohn.*

PER CURIAM.

The plaintiffs sued to recover damages suffered by reason
of injuries sustained by the minor plaintiff by reason of being
struck on the highway by defendant's car. The proofs ex-
amined indicate that the issues of negligence and contribu-
tory negligence were properly for the jury. The accident oc-
curred on a foggy, stormy night. The defendant could hardly
see above the headlights and struck the minor plaintiff, who
was crossing the highway making the best observation he
could for his own safety. He heard no sound or warning and
saw no lights. The case was properly submitted to the jury.
*Brotman* v. *Doan,* 105 *N. J. L.* 132; 143 *Atl. Rep.* 328.

The court charged the following request: "Automobiles
although not generally held to be dangerous instrumentali-
ties *per se* have dangerous characteristics and when not prop-
erly and carefully handled by competent persons become,
under certain conditions, highly dangerous instruments and
a public nuisance." As a legal proposition this is so. *Wilson*
v. *Brauer,* 97 *N. J. L.* 482; 117 *Atl. Rep.* 694; *Sheridan* v.

*Arrow Laundry Co.,* 106 *N. J. L.* 608; 146 *Atl. Rep.* 191. Perhaps this proposition of law did not apply to the facts as developed in this case, but as we view the entire charge the jury could not have been misled by the statement complained of. *Lenz* v. *Public Service Railway Co.,* 98 *N. J. L.* 849; 121 *Atl. Rep.* 741.

The judgment is affirmed.