This is an appeal from the Monmouth County Court in a negligence action resulting in a verdict by the jury for plaintiff.
The automobile driven by the plaintiff collided with the defendant corporation's truck driven by the individual defendant at the intersection of Atkins Avenue and Seventh Avenue in the Township of Neptune resulting in injury to the plaintiff. The plaintiff testified that as he approached the intersection, about 45 or 50 feet from the corner, he observed the truck to his left about 100 feet from the corner; that he continued along Atkins Avenue traveling less than 20 miles per hour; and that he was struck on the left by the truck which he described as "coming at a terrific rate of speed". The individual defendant testified that he slowed down as he approached the intersection; that when he was 20 to 25 feet from the corner he looked to his right but did not see plaintiff's car; and that he first saw plaintiff's car while he was in the middle of the intersection when the plaintiff "was coming pretty fast". In the course of the trial the court ordered stricken at the request of the defendants, and expressly directed the jury to disregard, a statement by the plaintiff that Seventh Avenue was a stop street. At the close of the entire case the court charged the jury which returned a verdict in plaintiff's favor in the sum of $2,832.80.
The defendants urge as their sole ground of appeal that the trial court committed error in the following portion of his charge: *Page 145 
"I therefore bring to your attention the following traffic regulations which are pertinent to the right of way at intersections, and I particularly refer to Section 39:4-90 of the Traffic Act, which states as follows:
"`The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield the right of way to the driver on the right. The driver of a vehicle who has stopped as required by law at the entrance to a through street shall yield to other vehicles within the intersection or approaching so closely on the through street as to constitute an immediate hazard but the driver having so yielded may proceed and other vehicles approaching the intersection on the through street shall yield to the vehicle so proceeding into or across the through street.'"
The defendants concede that the foregoing was accurately taken from R.S. 39:4-90 and that the first two sentences were pertinent to the facts in the case. They contend, nevertheless, that the jury might have been misled by the third sentence which was not pertinent since there was no evidence in the case to establish that Seventh Avenue was a "through street" within the contemplation of the statute. The trial judge did not state to the jury that either driver had stopped at the corner, or that either street was a through street, or that either driver had the right of way. On the contrary, he fairly left to the determination of the jury the issue of which driver had the right of way in view of the "testimony as to the position and situation of the cars at the time" and directed, at several points, that the jury was to use its own recollection of the evidence and was the sole judge of the facts. Considering the entire charge in the light of the testimony in the case, we are satisfied that the jury could not have been misled; that the defendants were not harmed by the trial court's quotation from R.S. 39:4-90; and that, consequently, there is no ground for reversal. See Lenz v.Public Service Railway Co., 98 N.J.L. 849 (E. A. 1923);Trussell v. Gibson, 11 N.J. Misc. 481 (Sup.Ct. 1933);Rule 1:2-20(b).
 The judgment below is affirmed. *Page 146