THE STATE, HENRY RITTER, PROSECUTOR, v. MICHAEL KUNKLE.

1. Where a plaintiff in *certiorari* to the justice's court, is allowed costs, by the order of the court, such costs become an incident to the judgment, and may be enforced by execution; an attachment will not be allowed.

2. Where there is an order or rule to pay costs or money, which cannot be enforced by execution, a writ of attachment may issue; but where costs are allowed by an order of the court, as an incident to a common law judgment, the ordinary process of execution must be used for collection.

On *certiorari*.

Argued at June Term, 1877, before Justices SCUDDER, DIXON, and REED.

For the prosecutor, *Wm. S. Gummere.*

For the defendant, *B. A. Vail.*

The opinion of the court was delivered by

SCUDDER, J. In this case, reported *ante p.* 259, the judgment of a justice of the peace given against the prosecutor, as defendant, was reversed on *certiorari*, because the court had not jurisdiction, and costs were allowed the prosecutor. Section 98 of the act constituting courts for the trial of small causes, (*Rev., p.* 556,) says, if judgment be reversed, then the plaintiff in *certiorari* shall not be entitled to costs. But it was held that a judgment given without jurisdiction, was not *by virtue of the act*, and hence not within this exception denying costs. Motion is now made, on proof of service of order for payment of costs and refusal to pay, that an attachment for contempt be issued. Whether the prosecutor is entitled to this writ, depends upon the character of the rule that has been entered for costs. If it is an interlocutory or independent rule or order of the court for the

payment of costs, where, by law, execution cannot be awarded for the collection of the sum, then the attachment may be used; but if the order for costs is part of the judgment of the court, on reversal, in a common law proceeding, then the prosecutor is entitled to execution in the usual form only.

The writ of *certiorari*, in this case, was issued by virtue of the common law right of this court to review the judgment of the justice in the court for the trial of small causes. If the judgment had been affirmed, there can be no doubt that, by the statute, costs would have been given, and execution would have issued to enforce the collection of the amount of judgment and costs.

When the judgment of the court below is reversed, and costs allowed by the court for any cause that it may deem legal, such costs become attached as an incident to the judgment, and are recoverable by execution. The form of judgment is not altered because, in the one case, the costs are allowed by statute, and in the other they are recoverable only where the court may order them. In both cases, it is a common law judgment, entered in a court having the right to award execution for its enforcement.

In *Smith* ads. *State, Allen, pros.*, 2 *Vroom* 216, where a tax was brought up and affirmed, as no execution could issue for its collection, it was held that the court might, in its discretion, enforce the payment of the tax and costs by attachment. Justice Elmer, stating the distinction we are considering, says: "A writ of *fieri facias* can be regularly issued only where there is a common law judgment, or a special authority by statute, as in criminal cases."

*Den, ex dem. Strugle*, v. *Hayne*, 1 *Zab.* 246, was a case where the lessor of the plaintiff in ejectment refused to join in the consent rule, and was non-prossed. On motion that the lessor pay costs, the court say that the only remedy is by attachment, which lies for the non-performance of that, as of all other rules.

In *Gilliland* v. *Rappleyea*, 3 *Green* 138, where a verdict had been set aside upon terms of payment of costs, it was

said that this order, like other interlocutory orders, might be enforced by attachment.

In *Hann* v. *McCormick*, 1 *South.* 109, a judgment in the justice's court was reversed, and a writ of restitution granted; costs were allowed, and a *capias ad satisfaciendum* issued for recovery.

*Allen* v. *Shurts*, 2 *Harr.* 188, cites several cases where costs have been allowed to defendants in *certiorari*, and the ordinary final process of courts of common law used for their collection.

These citations are sufficient to illustrate the rule already stated, that where there is an order or rule to pay money or costs, which cannot be enforced by execution, a writ of attachment may issue; but where costs are allowed by an order of the court, as an incident to a common law judgment, the ordinary process of execution must be used for collection.

The rule for attachment is refused.