### FRANCES J. INGERSOLL v. DAVID B. ENGLISH, EXECUTOR, &c.

Argued February 28, 1901—Decided June 10, 1901.

1. A party offering a witness will not be permitted afterwards to impeach the character of the witness for truth and veracity or to impugn his credibility by general evidence tending to show him to be unworthy of belief.

2.. But this rule does not preclude the party from proving the truth of any particular fact by any other competent testimony in direct contradiction to what such witness may have testified.

On rule to show cause why the verdict of plaintiff should not be set aside.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *Clarence Linn.*

For the defendant, *Enoch A. Higbee* and *Thompson & Cole.*

The opinion of the court was delivered by

HENDRICKSON, J.    This is the defendant's rule to show cause, and a new trial is sought on the grounds—*first,* that legal evidence was erroneously overruled, and *second,* because the verdict was directed.    The defendant executor represents the estate of Sarah Smith, a deceased aunt of the plaintiff. The two had been living together for some years.

The plaintiff had loaned to her aunt as follows: July 19th, 1894, $95; May 7th, 1895, $80; August 24th, 1896, $163.

These sums were represented by the aunt's due bills for two of the amounts and by a memorandum acknowledgment of the loan for the third.

After the plaintiff's proofs were closed, the defendant produced and offered to prove in defence the following receipt:

"STEELMANVILLE. N. J., Sept. 1, 1897.

"Received of Sarah Smith, one hundred and five dollars (105), principal and interest, in full settlement of all claims, debts and demands whatsoever due me from said Sarah Smith.

"FRANCES J. INGERSOLL."

The plaintiff, on cross-examination, was shown the receipt, and was asked to identify the signature thereto as her own. She denied its being her signature.

Later the defendant called the plaintiff as his own witness, and again examined her as to the signature to the receipt, and again she denied having signed it, although she admitted having received the amount of it—$105—from her aunt, in payment of what the 'witness said she had loaned her in little dribs during the year 1896. The defendant called a further witness, who was acquainted with the handwriting of the plaintiff, to prove that the signature to the receipt was hers.

The offer to prove this was overruled by the trial judge, on the ground that the defendant could not contradict his own witness, referring to the plaintiff's denial of her signature when called by the defendant. To this ruling an excep.. ..n was allowed and sealed. This ruling was clearly erroneous. While the rule is well settled that a party who offers a witness will not be permitted afterwards to impeach his character for truth and veracity, or to impugn his credibility by general evidence tending to show him to be unworthy of belief, but it is equally well established that the party will not be precluded from proving the truth of any particular fact, by any other competent testimony, in direct contradiction to what such a witness may have testified. 1 *Greenl. Evid.* (16*th ed.*) 442, 443 *b.*

It was the ruling out of this evidence that left the defendant without proof of the receipt, so that it was excluded as evidence when offered. This was, in effect, a practical overruling of the defence of payment, so that a verdict for the plaintiff naturally followed.

There were other exceptions which need not now be considered, since the result is, upon the ground already stated, that the rule to show cause must be made absolute, and a new trial granted.