MARGARET SCHREIBER, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Argued March 13, 1916—Decided June 19, 1916.

1. A request which would exclude from the consideration of the jury any question of negligence on the part of defendant in stopping its car in a certain place, and of such negligence being a producing cause of accident to plaintiff, was rightly refused, as the jury were justified in finding for plaintiff even though not satisfied that the car started while she attempted to

board it, there being evidence to support the conclusion that the accident resulted from the stopping of the car in a place of danger and that it was not contributed to by any neglect on the part of the plaintiff to use care for her own safety.

2. The rule which does not permit a party to impeach one of her own witnesses does not preclude her from proving the truth of any particular fact by competent testimony in direct contradiction of that to which any of the witnesses called by her may have testified; and a party testifying is in the same position in this regard as that of any witness not a party, and a jury may well conclude that a party had made a mistake as to a fact as well as any other witness, and if upon the whole matter the jury is of opinion that the plaintiff or defendant has proved the case, then the verdict should be for that party, although it rests upon testimony contrary to that given by the party and despite the fact that the party gave testimony which might preclude a recovery, as the mistake of a plaintiff or defendant cannot change facts proved by other witnesses.

3. Assuming that a request that the plaintiff must satisfy the jury by a preponderance of the testimony that an accident happened as she described, referred to all the evidence adduced on her behalf, and was therefore good, nevertheless an addition in the request that if the accident happened in any other way than as testified to by the plaintiff herself, she cannot recover, is erroneous.

4. Where an instruction asked for is partly good and partly bad, it is proper to refuse it altogether; and it is not error to refuse to charge a request containing several propositions, if any of them are unfounded.

On appeal from the Supreme Court.

For the appellant, *Lefferts S. Hoffman, Leonard J. Tynan* and *George H. Blake.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff sued to recover damages for injuries received by her while attempting to board a trolley car of the defendant company in Jersey City. A verdict passed for plaintiff and defendant obtained a rule to show cause why it should not be set aside, reserving an exception to a request to charge the jury as follows:

"The plaintiff claims that while the car was standing still

she attempted to board it, and while she had one foot on the running board the car started and threw her into a trench. She must satisfy you by a preponderance of the testimony that the accident happened as she described, and if it happened in any other way than as testified by her she cannot recover."

The rule to show cause was discharged, and the judgment entered on the verdict was appealed to the Supreme Court and there affirmed in a *per curiam,* in which that court said that:

"The purpose of the request was to exclude from the consideration of the jury any question of negligence on the part of the defendant company in stopping its car alongside of this trench, and of such negligence being a producing cause of the accident to the plaintiff. We think the court rightly refused to take this question from the jury, for they were justified in finding a verdict in favor of the plaintiff, even though they were not satisfied that the car started while she was attempting to board it, if the evidence supported the conclusion that the accident resulted from the stopping of the car in a place of danger, and was not contributed to by any neglect on the part of the plaintiff to use care for her own safety."

In our opinion the decision by the Supreme Court was right, but we think affirmance of the judgment should also be rested on additional ground.

Even if the request that the plaintiff must satisfy the jury by a preponderance of the testimony that the accident happened as she described, may be construed to mean as described in the testimony *generally* adduced on her behalf, and not as *she herself* in her testimony alone described the accident, no such construction can be placed upon the other part of the request, which was, that if the accident happened in any other way than as testified to by the plaintiff she could not recover. This idea was doubtless borne of an erroneous conception of the rule which does not permit a party to impeach one of her own witnesses. The rule does not preclude a party

from proving the truth of any particular fact by competent testimony in direct contradiction of that to which any of the witnesses called by her may have testified. *Ingersoll* v. *English,* 66 *N. J. L.* 463. See also *Kaufman* v. *Bush,* 69 *Id.* 645; *Hayward* v. *North Jersey Street Railway Co.,* 74 *Id.* 678; *Moebius* v. *Williams,* 84 *Id.* 540; *State* v. *Kubaszewski,* 86 *Id.* 250, 255.

We think that no reason can be assigned which would put a *party* giving testimony in any other position *in this regard* than that of a *witness not a party;* and a jury might well conclude that a *party* has made a mistake as to a fact as well as any other *witness,* and, therefore, if upon the whole matter the jury is of opinion that the plaintiff or defendant has proved the case, then the verdict should be for that party, although it rests upon testimony contrary to that given by the party, and despite the fact that the party gave testimony which, standing alone, might preclude a recovery. The mistake of a plaintiff or defendant cannot change facts proved by other witnesses.

Assuming that the request that the plaintiff must satisfy the jury by a preponderance of the testimony that the accident happened as she described, referred to all the evidence adduced on her behalf, and was therefore good, nevertheless, the addition in the request that if the accident happened in any other way than as testified to by the plaintiff herself, she cannot recover, was erroneous. And where an instruction asked for is partly good and partly bad, it is proper to refuse it altogether. *Dederick* v. *Central Railroad Co.,* 74 *N. J. L.* 424. It is not error to refuse to charge a request containing several propositions, if any of them are unfounded. *Consolidated Traction Co.* v. *Chenowith,* 58 *Id.* 416, 419.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.