JOHN HUTCHINSON, PLAINTIFF, v. JERSEY CENTRAL TRACTION RAILROAD COMPANY, DEFENDANT.

Submitted June 9, 1924—Decided October 24, 1924.

1. The circumstances of this case *held* to bring it within the rulings laid down in, *Van Ness* v. *North Jersey, &c., Co.,* 77 *N. J. L.* 551, and *Glasco* v. *Jersey City, &c., Co.,* 81 *Id.* 469.
2. Where a fair jury question of negligence and contributory negligence is involved, the court will ordinarily not disturb a second, still less a third, concurring verdict on substantially similar evidence.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Alexander Simpson*.

For the defendant, *Edward F. Smith*.

The opinion of the court was delivered by

PARKER, J.  The present rule brings up the third successive verdict for the plaintiff in this cause. The first verdict was set aside mainly on the ground of contributory negligence. The second was set aside because of illegal testimony bearing on the measure of damages. 1 *N. J. Mis. R.* 279. On the third trial defendant offered no evidence, but rested on the plaintiff's case as presented, and on this rule must necessarily stand on one of three propositions: that the court should have nonsuited; or directed a verdict; or that on plaintiff's case the verdict is clearly against the weight of evidence.

The accident giving rise to the litigation occurred on a Sunday afternoon at a country road crossing in Monmouth county. Defendant is a corporation of this state; whether organized under the Traction act or the General Railroad act does not appear. It does appear that defendant at the time and place in question ran its cars on a private right of way (single track) bounded on the north by a strip of roadway called Eighth street, and on the south by a similar strip called Ninth street, the whole crossed by Laurel avenue at an angle of about seventy-five degrees. The plaintiff was operating a motorcycle, with a side car containing his wife and three children, one an infant in arms. They were proceeding southerly on Laurel avenue. Defendant's car was moving westward, both motorcyle and car in plain sight of each other. Plaintiff saw the car when, according to his guess, it was a thousand feet away from the crossing. The motorman was sworn for the plaintiff, and testified that he slowed down at the whistling post about four hundred feet from the crossing, drifted about two hundred feet, then put on the power again, and shut it off when he saw the collision was immi-

nent.   Plaintiff's testimony was that when he first saw the
car he was about forty feet from the track; that he was going
at eight to ten miles an hour and kept on going, watching
the trolley car, and when he was about ten feet from the
crossing he saw it slowing up, about two hundred feet away;
he kept on across, and just 'as he got to the other side he
"felt a bang."   He testified there was no signal by bell or
whistle; but we need not stop to consider this, because
plainly the presence or absence of such signal had nothing to
do with the collision.   The case is the familiar one of the
injured party seeing the car coming and exercising his judg-
ment about crossing in front of it.   The car hit the "back"
of the motorcycle; in other words, it was all but across when
struck.

The first verdict was set aside on the double ground that
the evidence showed that the motorman (who testified for the
defendant) was exercising due care, and principally that
plaintiff's contributory negligence was demonstrated.   At the
second trial plaintiff again had a verdict, and that verdict
was set aside and the case sent back for a complete retrial, be-
cause of error in the admission of medical testimony.   At
the third trial defendant, as we have said, offered no evidence.

We have given the case the careful consideration demanded
by the condition of the record and the large amount of the
verdict, and have reached the conclusion that the present ver-
dict ought not to be disturbed.   Three successive juries have
passed on the questions involved of negligence and con-
tributory negligence, with a result each time favorable to
plaintiff.   It is not claimed that defendant was operating
under a railroad charter, so we treat the case as that of a
company organized under the Traction act.   The case was
not, in our judgment, one for a nonsuit or a direction.   What-
ever may be the inaccuracy, if any, of plaintiff's estimate of
distance and speed, it seems plain to us that he gave testi-
mony indicating that from the behavior of the car he was
entitled to conclude that, having slackened its speed, it would
slow up sufficiently to let him cross, at a time when he could
have stopped or turned his motorcycle to avoid collision if it

MAY TERM, 1924. 221

*100 N. J. L.* Hutchinson v. Jersey Cen. Trac. R. R. Co.

had become evident that the car would not stop or reduce speed to let him cross. The value and force of this and all the testimony was, of course, for the jury. An unusually prudent person, taking no chances, would doubtless have preferred to wait until the car had passed, and, in the case of a railroad train, this would have been an absolute duty under ordinary circumstances. *Delaware, Lackawanna and Western Railroad Co.* v. *Hefferan,* 57 *N. J. L.* 149; *Burnett* v. *Easton, &c., Railroad Co.,* 61 *Id.* 373; *Hanson* v. *Pennsylvania Railroad Co.,* 62 *Id.* 391. But a somewhat different rule obtains in the case of street cars, and largely for the reason that they have not a general priority of right at crossings. *Migans* v. *J. C. H. & P. Co.,* 76 *Id.* 535. If plaintiff was first at the crossing and had the right of way, but it appeared that his right would not be respected, reasonable care would require him to waive it and wait. *Connolly* v. *Public Service Railway Co.,* 94 *Id.* 157. But if he had reasonable cause, from the position and action of the car and his own position, to conclude that he would be allowed to cross, it was certainly not negligence as a court question for him to undertake to do so, and the negligence of the motorman, if any, would be for the jury also. This seems to be the reasoning of such cases as *Van Ness* v. *North Jersey Street Railway Co.,* 77 *Id.* 551, and *Glasco* v. *Jersey City, &c., Co.,* 81 *Id.* 469, which seems to us to be substantially in point. If so, it follows that the questions of negligence and contributory negligence were properly referred to the jury, and that their verdict, the third concurring verdict on evidence similar, if not quite identical, should be respected and adopted. *Brown* v. *Paterson Paper Co.,* 69 *Id.* 474.

The rule to show cause will be discharged. We are informed by one of the briefs that plaintiff has died pending the decision of this rule, but the action does not abate. *Comp. Stat., p.* 7, § 10; *Pushcart* v. *New York Shipbuilding Co.,* 86 *N. J. L.* 444.