MESCE LOAN COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. THEODOLINDA MARINARO AND JOHN P. MARINARO, DEFENDANTS-RESPONDENTS.

Argued May 5, 1936—Decided August 6, 1936.

Before Justices Bodine and Heher.

For the appellant, *Simon M. Seley*.

For the respondents, *William Ryan* (*Samuel D. Bozza,* of counsel).

The opinion of the court was delivered by

Heher, J.   Plaintiff sued upon a promissory note made by defendant Theodolinda Marinaro, and endorsed by John P. Marinaro, a member of the bar of this state. The defense interposed was that the obligation was outlawed by the statute of limitations; and the reply was that payments had been made upon the note within the period of limitation, and the asserted bar of the statute therefore did not exist. At least two of these payments, so the plaintiff claimed, were in the form of credits upon the obligation for earned fees for legal services rendered by the lawyer defendant. The point of inquiry therefore is whether these credits were given under circumstances connoting voluntary payments by the endorser, with the intent that they should be applied to the obligation, so as to constitute an acknowledgment of the debt within the prescribed period of limitation, and thus to toll the statute.

The District Court judge, sitting without a jury, rendered judgment for the defendants, presumably rested upon a find-

ing that no payments were in fact made upon the note within the period ordained by the statute of limitations. The plaintiff appeals.

The sole specification of error is the overruling of a question propounded by appellant's counsel to its president, Mesce, designed to elicit evidence of an asserted contract between it and the respondent John P. Marinaro in a litigated matter referred to as the "Romano Case," whereby the fees earned by John P. were "fixed in advance and were to be credited to the Marinaro account," and of an entry on its books crediting John P. Marinaro "on the note" for the services thus rendered. The question was rejected on the ground that thereby the appellant "sought to discredit Marinaro," the court "regarded the plaintiff bound by Marinaro's testimony."

In so ruling, the judge fell into palpable error. Appellant called John P. as its own witness, and interrogated him respecting his fees for services rendered in two actions instituted in the East Orange District Court against Romano and another, one Bruce. While admitting he had not billed his client for the services thus given, even though a relatively long period had elapsed, he denied that his fee had "been agreed upon before the case was tried with the understanding that his fee in each case would be credited on his note." Appellant was not bound by this reply in the sense that the evidence thus given was not subject to contradiction. It is the established rule in this state that while a party calling a witness will not be permitted afterward to impeach his general reputation for truth or veracity, by general evidence tending to show him to be unworthy of belief, he is not precluded from offering, in proof of any particular fact, competent testimony in direct contradiction to that given by the witness so called. *Fox* v. *Forty-four Cigar Co.,* 90 *N. J. L.* 483; *Schreiber* v. *Public Service Railway Co.,* 89 *Id.* 183; *Ingersoll* v. *English,* 66 *Id.* 463.

Respondents, acknowledging the authority of these cases and the pertinency of the principle therein laid down, point out that in each the ruling was prejudicial "on the merits," while in the instant case, it is insisted, the proffered evidence

had already been introduced on respondents' cross-examination of the witness Mesce, when called as a witness on appellant's main case, and was not therefore introducible on "rebuttal;" and that, in any event, the evidence was merely cumulative, and the ruling, if erroneous, was harmless and on well settled principles does not work a reversal.

These contentions are not well made. As to the timeliness of the offer, it is to be observed that the barring of the remedy by the lapse of the time prescribed by the statute of limitations is a matter of defense, and this evidence was designed to meet that adduced by defendants in substantiation of this defense. It was highly material. The offer embraced the introduction of books of original entry as well as Mesce's sworn circumstantial relation of the transactions; and the claim that the evidence in substance had already come in on cross-examination of the witness is sham.

And it was plainly a harmful exclusion. As to this, it suffices to add to what has already been said that judgment for the respondent John P. was, in the judge's mind, the logical result of his erroneous conclusion that plaintiff was bound by this defendant's testimony in the sense that it was not the subject of contradiction.

But a payment by an endorser will not frustrate the statute as to the maker, at least where the latter was not a participant therein. *Mason* v. *Kilcourse, 71 N. J. L.* 472; 37 *C. J.* 1169. The endorser's contract is separate and distinct from that contained in the note. It imposes a liability independent of that assumed by the maker. On the default of the maker, and the taking on dishonor of the requisite statutory proceedings, the original conditional liability becomes an absolute one, independent of that of the maker. The endorser thereupon becomes a principal debtor. *Corn Exchange National Bank and Trust Co.* v. *Taubel, 113 N. J. L.* 605, 613, *el seq.*

The judgment is therefore affirmed as to Theodolinda Marinaro, and reversed as to John P. Marinaro, and the cause is remanded for further proceedings not inconsistent with this opinion; costs to abide the event.