DANIEL MARINELLI, JOE MARINELLI, JOHN MAFFEY, TRUSTEES OF PARK FINANCE CORPORATION, A CORPORATION IN DISSOLUTON, PLAINTIFFS-RESPONDENTS, v. PETER LOMBARDI, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Samuel H. Nelson.*

For the respondents, *Benjamin M. Ratner* and *Milton S. Goldberg.*

LLOYD, J.   The action in this case was on a guaranty of a promissory note, the note and guaranty reading as follows:

"$300.00                         Newark, N. J., May 10, 1926.

For value received, the undersigned, promise to pay to the order of Park Finance Corporation, at its office 106 Park Avenue, Newark, N. J., the sum of Three Hundred 00/100 Dollars in weekly payments of $6.00/100 per week, commencing on Monday after the date hereof, together with interest from the date hereof, at the rate of 9/20% per week on the unpaid balance, and payable weekly with each installment of principal, until the full amount of this note and interest is paid.

If default be made in any of the payments of this note or if the maker of this note shall abscond or move out of the State of New Jersey or shall become bankrupt or shall assign, secrete or dispose of his or her property, or if the holder shall deem any security given by the maker as being impaired in any way or unsafe, then and in any of said events the entire balance remaining due on this note together with all accrued interest shall, at the option of the said Park Finance Corp., become due and payable without any notice or demand.

The undersigned hereby waive all exemptions under any Federal or State statute now in effect, or at any time hereafter becoming effective.
Loan No. 75.                    Signed JOSEPH DI BIASE."

"License No. 311.
320.

For value received, we and each and all of the endorsers hereon, jointly and severally guarantee payment of principal and interest of the within note, as and when the same shall become due, and of any extension thereof, in whole or in part, accepting all its provisions, authorizing the maker, without notice to us or either of us, to obtain an extension or extensions in whole or in part, and waiving presentment notice of non-payment and protest. Suit may be brought by the holder of this note against any one or more or all of us, at the option of said holder, whether such suit has been commenced against the maker or not, and that in any such suit, the maker may be joined with one or more or all of us, at the option of the holder; hereby waiving all exemptions by reason of any State or Federal statute now in effect or at any time hereafter becoming effective.

PETER J. LOMBARDI."

The defenses were that the contract was made on Sunday and the statute of limitations.

The first defense need not be considered as this was a question of fact for the judge.

The defense of the statute of limitations was based on the following state of facts.

The note which was guaranteed is dated May 10th, 1926, and called for payments in installments of $6 per week with interest. It was more than six years overdue when the action was brought. There was proof of payments made on the note by the maker Di Biase as late as November 23d, 1931, and the action was instituted in March, 1937. The judge gave judgment for the plaintiff and it is urged on the defendant's appeal that the statute of limitations was a complete answer to the case and that judgment should have been rendered for the defendant.

It is also urged that because the note and the guarantee stipulated that the guarantor should be bound by any extensions that the payments made on account automatically effected such extensions and that this inured to hold the guarantor.

Reading of the proofs fails to disclose any extensions of the note. The payments made standing alone simply constitute an acknowledgment of the debt by the maker, and being an acknowledgment might create a continuing liability from the date of payment. But the relations of the parties are independent. The contract of the guarantor is distinct from that of the maker (*Smith* v. *Dowden,* 92 *N. J. L.* 317; 105 *Atl. Rep.* 720; *Corn Exchange Bank* v. *Taubel,* 113 *N. J. L.* 605; 175 *Atl. Rep.* 55; *Mesce Loan Co.* v. *Marinaro,* 117 *N. J. L.* 86; 185 *Atl. Rep.* 742), and the acknowledgment by the maker did not inure of itself to create liability in the guarantor. *Mason* v. *Kilcourse,* 71 *N. J. L.* 472; 59 *Atl. Rep.* 21. This being true no liability was imposed on the defendant by the payments made by the maker. There was in these payments nothing to create an extension of the note, and therefore nothing upon which the liability of the guarantor could be predicated under his agreement. The plea of the statute of limitations was available and should have been recognized as a bar to recovery.

The judgment is reversed.