### ELIZABETH WEILBACHER, PLAINTIFF-APPELLANT, v. PINCUS RUDLIN, DEFENDANT-RESPONDENT.

Argued October 17, 1940—Decided January 28, 1941.

For the appellant, *Parsons, LaBrecque & Borden* (*Theodore D. Parsons*).

For the respondent, *McDermott & Finegold* (*Edward J. Ascher* and *Harold McDermott*).

The opinion of the court was delivered by

BODINE, J. The plaintiff sought to recover damages for injuries received when she was driving to Point Pleasant, New Jersey, with Wallace G. Carr. The defendant's car had

come to a stop at the intersection of Sylvania avenue, Neptune City, with route No. 35. The car behind the defendant's car came to a stop. Mr. Carr applied his brakes to slow his speed. Then he heard a noise and the plaintiff was pitched through the windshield of his car.

It became of importance upon the cross-examination of Carr to elicit the truth. At the police station, in the presence of Gross, Rudlin and a police officer, it was testified he had said: "It was my fault and I will pay the damage to the cars." This Carr denied on cross-examination and the witnesses were thereafter called to prove the fact. We perceive no error in that. Counsel was under a duty to discover the truth. On the direct examination of Carr, he sought to charge the defendant with negligent operation of his car. If Carr had previously stated that he was at fault, the jury should have the benefit of such proof in order to determine the weight that it would attach to his testimony in chief. The mechanics of the procedure complied with the settled practice in this state. *Wassmer* v. *Public Service Electric and Gas Co.,* 122 *N. J. L.* 367.

Contradictory statements by a witness may always be shown if a suitable foundation be laid therefor. *Fox* v. *Forty-Four Cigar Co.,* 90 *N. J. L.* 483; *State* v. *Black,* 97 *Id.* 361; *State* v. *Lerman,* 107 *Id.* 77. The purpose is to contradict the witness and because the effect may be to bar recovery this results merely from the failure of the plaintiff to sustain the burden of proof. A vastly different situation would arise if it was sought to bind one by the declaration of another. *Faulkner* v. *Whitaker,* 15 *Id.* 438. To discredit an unworthy witness is trial counsel's duty. Previous statements incompatible with present testimony is one of the methods used.

It is argued that the statement that it was the witness' fault is a conclusion or opinion, and hence not proper testimony. *Newhouse* v. *Phillips,* 110 *N. J. L.* 421. *Thayer's Preliminary Treatise on Evidence, &c.,* at page 524 says: "In a sense all testimony to matter of fact is opinion evidence; *i. e.,* it is a conclusion formed from phenomena and mental impressions. Yet that is not the way we talk in courts or in common life. Where shall the line be drawn? When does

matter of fact first become matter of opinion?" And on page 525: "Any rule excluding opinion evidence is limited to cases where, in the judgment of the court, it will not be helpful to the jury."

It would seem that it would be helpful to the jury to know that the witness regarded the accident as his fault. This, because of his statement, became a fact and not an opinion. He was not asked to tell the jury what he thought, but what he had said, and when he denied the statement, proof was in order to impeach his denial.

The judgment is affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—CASE, DONGES, PORTER, JJ. 3.