ANNA BELLE KEMBLE, EXECUTRIX, &c., PLAINTIFF-APPELLANT, v. WILEY METHODIST EPISCOPAL CHURCH, DEFENDANT-RESPONDENT.

ALANSON E. MEAD, ETC., PLAINTIFF-APPELLANT, v. WILEY METHODIST EPISCOPAL CHURCH, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 5, 1951—Decided February 21, 1951.

Before Judges Freund, Proctor and Rogers.

*Mr. Warren C. Douglas* argued the cause for the plaintiffs-appellants (*Mr. Walter S. Keown,* attorney).

*Mr. William G. Bischoff* argued the cause for the defendant-respondent (*Messrs. Carroll, Taylor & Bischoff,* attorneys; *Mr. Walter R. Carroll,* of counsel).

The opinion of the court was delivered by

Freund, S. J. A. D. This appeal is from two orders staying the further prosecution of the plaintiffs' actions until costs due the defendant have been paid.

The two cases, arising out of an accident which occurred on June 19, 1935, were consolidated and tried on five separate occasions. The fifth trial resulted in verdicts in favor of the plaintiffs. On appeal by the defendant, the Supreme Court reversed the judgments and directed new trials.

The opinion of the Supreme Court, 4 *N. J.* 200 (1950), fully sets forth the facts, but is silent as to costs. The mandate on reversal provided that "the judgment * * * is in all things reversed, set aside and for nothing holden, with costs; and it is further ordered that this mandate shall issue ten days hereafter, unless an application for rehearing shall have been granted or is pending, or unless otherwise ordered by this Court. * * *" *Rule* 1:4–11. The taxed costs allowed to the defendant as the prevailing party amount to $1,791.25. The plaintiffs then moved before the Supreme Court that the taxation of costs be set aside, but this was denied because the motion was not made within ten days after the judgment and before the mandate issued. *Rule* 1:4–9.

The defendant then moved the trial court to stay further proceedings until payment of the taxed costs. The motion was granted and the plaintiffs appeal, arguing that the orders are final judgments.

The defendant contends that the orders are not final judgments, *Rule* 4:2–1, nor such interlocutory orders as are appealable, *Rule* 4:2–2. *In re Url's Estate,* 5 *N. J.* 507 (1950). The orders under review are not final in the suits; they do not terminate the litigation by a determination of the principal matter in controversy. If the plaintiffs pay the costs, the retrial proceeds. As directed by the orders, failure to pay defers "the further prosecution of the action until the costs due to the defendant are paid. * * *"

Appeals from interlocutory orders or judgments under *Rule* 4:2–2(b) are discretionary, and "application for leave to take such appeal shall be made by notice of motion together with supporting affidavit * * * which shall be served and filed within ten days from the order or judgment sought to be appealed." The orders appealed from were dated September 13, 1950. Notice of appeal was dated October 27, 1950. So that assuming, *arguendo,* the plaintiffs' right to appeal, they failed to comply with the provisions of *Rule* 4:2–2(b). Nevertheless, we have heard the arguments of counsel and notwithstanding the irregularity of the appeal, have carefully considered it.

The appellants argue that the trial court should have exercised its discretion and allowed them to proceed without payment of costs, and that not to do so was prejudicial error. As to the allowance of taxed costs, the trial court, as are we, was bound by the mandate of the Supreme Court, which alone can change its order. Further, it is settled practice that costs be paid before further proceedings are taken. A stay of proceedings was no denial of justice, and its issuance, whether in the discretion of the court or as an imperative legal duty, was not erroneous. *Sooy v. McKean,* 9 *N. J. L.* 86 (*Sup. Ct.* 1826); *Ryan v. Public Service Railway Co.,* 3 *N. J. Misc.* 492 (*Sup. Ct.* 1925); *Sebolt v. National Bank of New Jersey,* 3 *N. J. Super.* 405 (*Ch. Div.* 1949).

■ "When no valid objection can be leveled against a judgment or order brought up, as in this case, an appeal does not lie, and, consequently, it must be dismissed." *Salmons v. Rugyeri,* 103 *N. J. L.* 596, 600 (*E. & A.* 1927); *Kleinman v. Globe & Rutgers Fire Ins. Co.,* 111 *N. J. L.* 374 (*E. & A.* 1933).

Appeal dismissed.