23 N.J. Super. 342 (1952)
93 A.2d 9
ALANSON E. MEAD, FOR WHOM HAS BEEN SUBSTITUTED HIS EXECUTOR, WILLIAM L. MEAD, PLAINTIFF-RESPONDENT,
v.
WILEY METHODIST EPISCOPAL CHURCH, DEFENDANT-APPELLANT.
ANNA BELLE KEMBLE, EXECUTRIX OF JOHN COURTNEY KEMBLE, DECEASED, FOR WHOM HAS BEEN SUBSTITUTED HOWARD R. KEMBLE, ADMINISTRATOR c.t.a. OF JOHN COURTNEY KEMBLE, DECEASED, PLAINTIFF-RESPONDENT,
v.
WILEY METHODIST EPISCOPAL CHURCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1952.
Decided November 28, 1952.
*345 Before Judges EASTWOOD, PROCTOR and FRANCIS.
Mr. Walter S. Keown argued the cause for the plaintiffs-respondents.
Mr. William G. Bischoff argued the cause for the defendant-appellant (Messrs. Carroll, Taylor & Bischoff, attorneys).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
This is an appeal from judgments entered in favor of the plaintiffs at the conclusion of the sixth jury trial in this case. The Mead and Kemble suits were brought to recover for personal injuries, pain and suffering and medical expenses suffered by Alanson E. Mead and, under the Death Act, for the death of John Courtney Kemble, caused by the alleged negligent operation of defendant's station wagon by its agent, servant or employee. The actions were tried together and resulted in verdicts for plaintiff, one in the Mead case for $26,506, with costs, and in the Kemble case for $25,920, with costs. Application of the defendant for a new trial was denied by the trial judge.
The Supreme Court, in Mead v. Wiley Methodist Episcopal Church, 4 N.J. 200 (1950), reversed the judgments entered in the fifth trial. We make reference to the factual recital in the Supreme Court's opinion and, therefore, deem it unessential to indulge in a repetition thereof. Suffice it to say, that the accident occurred on June 19, 1935. At the trial, the plaintiffs introduced proof to establish that one Rose, an employee of the defendant, operated the car, having entered it and climbed over one Joslin who, in an intoxicated condition, had gotten into the vehicle while parked by Rose, and that it was Rose's negligence that caused the plaintiffs' damages, whereas the defendant sought to prove that Joslin, in effect, stole the car, then operated it on the wild ride *346 eventuating in striking the plaintiffs' decedents, Mead and Kemble. Kemble was killed in the accident. Mead, who suffered serious injuries, died on April 15, 1950 from other causes.
Aside from the question of damages the only issue submitted to the jury was the identity of the operator of the defendant's vehicle.
The appellant advances the following grounds for a reversal of the judgments: (1) that the court erred in overruling defendant's offer to prove, for the purpose of contradicting its own witness, Gilbert S. Joslin, that he had on prior occasions pleaded guilty to a charge of drunken driving, and criminal charges of larceny of the station wagon and manslaughter by automobile; (2) that the court erred in overruling defendant's offer to prove the aforesaid pleas of guilty of Gilbert S. Joslin for the purpose of establishing his identity as the operator of the station wagon; (3) that the court erred in charging the jury that plaintiffs were entitled to the benefit of the presumption flowing from the fact of ownership of the station wagon; (4) that the verdict was against the weight of the evidence and the court erred in its denial of defendant's motion for a new trial; and (5) that the court erred in taxing as part of plaintiffs' costs, the costs awarded to defendant on reversal of judgments entered at the fifth trial and paid by plaintiffs prior to the sixth trial.
We think that the grounds advanced under points (1) and (2) may be advantageously discussed together. The defendant called Gilbert S. Joslin as its witness. He admitted that he was intoxicated at the time in question; that he had never been an inmate of or an employee of the Wiley Mission nor an employee of the church; that he was an entire stranger to Alfred C. Rose, the defendant's employee; that he remembered getting into the station wagon and lying on the seat; that after the crash, he believed he fell out of the right hand side of the station wagon, and in so doing, sustained a head injury; that he staggered away from *347 the station wagon and was stopped or tripped by some one whom he could not recall; that he was placed under arrest and was taken from the scene of the accident, first to the hospital and then to the police court, and that he had no recollection as to how he got from in front of the mission after he got into the station wagon to the scene of the crash at Third and Market Streets. Joslin was then asked if on the following Monday he was not charged with driving the station wagon while under the influence of intoxicating liquor. The plaintiffs' objection to the question was sustained by the court. Thereafter, the defendant made an offer of proof that on the Monday following the accident Joslin was charged with and pleaded guilty to operating the station wagon while intoxicated; that subsequently Joslin plead guilty to charges of larceny of the station wagon and manslaughter by automobile, all of the charges growing out of the accident in question; that he was represented by counsel; that sentences of imprisonment were imposed upon and served by him.
This offer of proof was made to establish admissions by Joslin that he was the operator of the station wagon, in contradiction of his testimony at the trial that he then had no recollection of what occurred during the operation of the car, and to establish the identity of Joslin as the operator of the station wagon.
Defendant further offered the evidence of the deputy county clerk and the records of the Special Sessions Court of Camden County for the year 1935, containing the aforementioned proceedings against Joslin. Upon objection of plaintiffs, defendant's proffered proofs were declared to be inadmissible.
Defendant contends that it was entitled to prove that Joslin pleaded guilty to these charges, as an admission contradictory in nature of his testimony that he had no recollection of driving the station wagon. In support of this contention the defendant cites the cases of Fox v. Forty-Four Cigar Co., 90 N.J.L. 483 (E. & A. 1917); Lenz v. *348 Public Service Railway Co., 98 N.J.L. 849 (E. & A. 1923); Weilbacher v. Rudlin, 125 N.J.L. 631 (E. & A. 1941), and states that the following cases are in accord: Thorp v. Leibrecht, 56 N.J. Eq. 499 (Ch. 1898); Ingersoll v. English, Executor, 66 N.J.L. 463 (Sup. Ct. 1901); Buchanan v. Buchanan, 73 N.J. Eq. 544 (Ch. 1908); Moebius v. Williams, 84 N.J.L. 540 (Sup. Ct. 1913); Schreiber v. Public Service Ry. Co., 89 N.J.L. 183 (E. & A. 1916); Mesce Loan Co. v. Marinaro, 117 N.J.L. 86 (Sup. Ct. 1936); State v. Salimone, 19 N.J. Super. 600 (App. Div. 1952). However, a careful examination of the cases cited by the defendant indicates that they involved factual situations differing from the case sub judice, and we are persuaded that they have no controlling effect. To illustrate, in the case of Fox v. Forty-Four Cigar Co., supra, the plaintiff called as his witness one Max Lipschutz, a stockholder, director and assistant treasurer of the defendant company, who denied that at the time of the accident the car was driven by him as such stockholder, officer, director, agent or employee, whereupon he was confronted with a letter wherein he made a contrary statement. The Court of Errors and Appeals reversed the trial court's exclusion of the alleged contradictory letter. It is apparent that the Fox case is readily distinguishable from the case under review, in that the witness was one of the interested parties, whereas here, there was no privity between the plaintiffs and the witness. In the case of Lenz v. Public Service Railway Co., supra, the only question considered by the Court of Errors and Appeals dealt with an alleged erroneous charge of the court to the jury as to the credibility of the witnesses. The court discussed the cross-examination of a witness who testified concerning the facts of the accident contrary to a previous written statement by her and introduced into evidence by the defendant. This is clearly not analogous to this case. In the case of Weilbacher v. Rudlin, supra, the court permitted the introduction by defendant of testimony contradicting that of one of plaintiff's witnesses *349 who, upon cross-examination, had denied the statement attributed to him and proven thereafter by defendant. The court held:
"Contradictory statements by a witness may always be shown if a suitable foundation be laid therefor. Fox v. Forty-four Cigar Co., 90 N.J.L. 483; State v. Black, 97 Id. 361; State v. Lerman, 107 Id. 77. The purpose is to impeach the witness and because the effect may be to bar recovery this results merely from the failure of the plaintiff to sustain the burden of proof. A vastly different situation would arise if it was sought to bind one by the declaration of another. Faulkner v. Whitaker, 15 Id. 438. * * *"
The other cases cited by the defendant, to wit: Thorp v. Leibrecht, supra; Ingersoll v. English, Executor, supra; Buchanan v. Buchanan, supra; Moebius v. Williams, supra; Schreiber v. Public Service Ry. Co., supra; Mesce Loan Co. v. Marinaro, supra, deal with the question as to whether the party calling his adversary as a witness was bound by the adversary's testimony and estopped from proving facts to the contrary. In the Salimone case, supra, upon cross-examination, a State's witness denied telling one Bauer that the prosecutor had forced him to implicate Salimone. It was held error to reject the testimony of Bauer when he was called to testify as to the conversation. We do not find that any of the foregoing cases cited by the defendant are authority for introducing a criminal conviction, whether by plea or otherwise, of a stranger, as proof of the fact that the act was committed by some one other than the defendant.
The defendant, in its brief, discusses rather comprehensively the effect of a plea of guilty and argues that such a plea, under the circumstances here present, "Certainly falls within the classification of a previously written letter, a signed statement previously given, or an oral statement previously made, and is entitled to the same force and effect," citing numerous cases in support of its contention. We are in accord with defendant's contention that a plea of guilty to a criminal charge based upon the same material facts is admissible in the trial of a civil case against the party so *350 pleading. Morrissey v. Powell, 340 Mass. 268, 23 N.E.2d 411, 124 A.L.R. 1522 (Mass. Sup. Jud. Ct. 1939); State v. Webber, 76 N.J.L. 199 (Sup. Ct. 1908); State v. Whittington, 4 N.J. Misc. 590 (Sup. Ct. 1926); Commonwealth v. Simmons, 361 Pa. 391, 65 A.2d 353 (Sup. Ct. 1949); People v. Steinmetz, 240 N.Y. 411, 148 N.E. 597 (Ct. App. 1925); People v. Jacobs, 165 App. Div. 721, 151 N.Y.S. 522 (App. Div. 1915); and State v. Carta, 90 Conn. 79, 96 A. 411, L.R.A. 1916 E, 634 (Sup. Ct. Err. 1916). It is significant that all of the foregoing cases, except Morrissey v. Powell, supra, where the plea of guilty entered by the person who was a party in the civil action was admitted in evidence against him, are criminal in nature and involve the use of a former plea of guilty or a written signed confession by a person who was the defendant in each of those cases where the defendant testified contrarywise at his trial.
The defendant argues that "the sole issue on the question of liability in this case was the identity of the driver of the station wagon" and that all of the evidence presented by the parties on the question of liability was limited to establishing whether Rose or Joslin was the driver and, therefore, any fact which had a direct bearing on that question should be admissible in evidence; that the records of the charges against Joslin and his pleas thereto did not necessarily have a conclusive effect, but they were evidential and should have been admitted in evidence. In support of this argument, the defendant cites the cases of Diamond v. New York Life Insurance Co., 50 F.2d 884 (C.C.A. 7, 1931); Stout v. Hopping, 6 N.J.L. 125 (Sup. Ct. 1822); Jones on Evidence (3d ed.); and Wigmore on Evidence (3d ed.). There can be little doubt that where an insured person is suing for the proceeds of a policy, the defendant may show that the plaintiff or some one in privity with him brought about the situation for which recovery is sought, applying the equitable principle that a person shall not be allowed to profit by his own wrong. Such was the situation *351 in the case of Diamond v. New York Life Insurance Co., supra. This exception to the rule, however, is by no means universally accepted. 30 Am. Jur., Judgments, sec. 294, p. 1006; Girard v. Vermont Mut. Fire Ins. Co., 103 Vt. 330, 333, 154 A. 666 (Sup. Ct. 1931). Similarly, the case of Stout v. Hopping, supra, is another exception to the rule where it becomes necessary to prove a judgment or debt as a step to the remedy sought. Jones on Evidence (3d ed.), sec. 590, discusses other exceptions to the rule, to wit: in a suit to collect a reward for the arrest and conviction of an offender, it is permissible to prove the conviction; and in a suit for malicious prosecution, it is necessary to prove an acquittal or a successful termination of a criminal action against the plaintiff as one of the prerequisites of the current civil action.
The weight of authority in New Jersey and throughout the United States favors the rule that a judgment of conviction or acquittal, rendered in a criminal prosecution, cannot be shown in evidence in a purely civil action to establish the truth of the facts on which it is rendered. This rule is discussed in Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S.E. 301, 31 A.L.R. 261; 57 A.L.R. 504; Schindler v. Royal Ins. Co., 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1145; 130 A.L.R. 690; Tennessee Odin Ins. Co. v. Dickey, 190 Tenn. 96, 228 S.W.2d 73, 18 A.L.R.2d 1287, where numerous cases are cited in support thereof. See also Sorbello v. Mangino, 108 N.J. Eq. 292 (Ch. 1931).
In the jurisdictions where the judgment in the criminal action, founded upon a plea of guilty is admissible, it is on the theory that it is a confession, declaration or admission against interest of the party. 30 Am. Jur., Judgments, supra, and cases cited. In a civil action, the weight of authority supports the rule that a defendant cannot introduce evidence of the conviction of strangers for committing the act which caused the damage for which he is being sued. Chamberlain v. Pierson, 87 F. 420, 424 (C.C.A. 4, *352 1898); Fonville v. Atlanta &c., Ry. Co., 93 S.C. 287, 292, 75 S.E. 172 (Sup. Ct. 1912); Royal Ins. Co. v. Taylor, 254 F. 805 (C.C.A. 4, 1918); Illinois C.R. Co. v. Quirk, 51 Ill. App. 607; 31 A.L.R. 268 (1893); Seibold v. Welch, 78 Ind. App. 238, 135 N.E. 258 (Ct. App. 1922); Steel v. Cazeaux, 8 Mart. 318, 13 Am. Dec. 288, 31 A.L.R. 270 (Sup. Ct. 1820); Summers v. Rutherford (Ct. App. Mo. 1917), not reported in State Reports, 195 S.W. 511, 513; Bibbs v. Fidelity Health & Accident Co. (Ct. App. Mo. 1934), not reported in State Reports, 71 S.W.2d 764; Warren v. Pilot Life Ins. Co., 215 N.C. 402, 22 S.E.2d 17 (Sup. Ct. 1939); Castrique v. Imrie, L.R. 4 H.L. 414, 5 Eng. Rul. Cas. 899, 912 (House of Lords 1870), (dicta); Broom's Legal Maxims (8th ed.), pp. 748, 751. And this rule prevails even where the conviction was based upon a plea of guilty by the stranger. True v. Citizens' Fund Mut. Fire Ins. Co., 187 Minn. 636, 246 N.W. 474 (Sup. Ct. 1933). As stated in the case of Weilbacher v. Rudlin, supra:
"Contradictory statements by a witness may always be shown if a suitable foundation be laid therefor. * * * A vastly different situation would arise if it was sought to bind one by the declaration of another. Faulkner v. Whitaker, 15 Id. 438. * * *"
The testimony which the defendant sought to introduce and which was excluded, was of a substantive character, and the device of placing Joslin on the stand to lay the ground work for its introduction could not possibly make such testimony admissible. Joslin was not a party-defendant, being an entire stranger to the action, and there was no privity between him and the plaintiffs and certainly his pleas of guilty in the criminal cases in which the plaintiffs were not a party in any sense of the word would not be binding upon the plaintiffs. Nor was the evidence admissible to contradict Joslin because of surprise or that he was a hostile witness. The testimony was barren as to both of those factors. Evidence that the defendant's servant, who was operating his vehicle at the time of the accident complained *353 of, had been convicted, on a plea of guilty, of the crime of driving a motor vehicle while intoxicated at the time of the accident, was held in Mills v. Harstead, 189 Minn. 193, 248 N.W. 705 (Sup. Ct. 1933), to have been improperly admitted in the subsequent civil action where the driver was not a party. See also Max v. Brookhaven Development Corp., 262 App. Div. 907, 28 N.Y.S.2d 845 (App. Div. 1941); Glasier v. Troanovitch, 264 App. Div. 940, 36 N.Y.S.2d 281 (App. Div. 1942); United States v. Standard Oil Co., 60 F. Supp. 807 (D.C. Cal. 1945), reversed on other grounds 153 F.2d 958 (C.C.A. 9), which is affirmed 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947); Hollington v. F. Hewthorn & Co. (1943), K.B. 587, 2 All England 35 C.A.; General Refrigeration Sales Co. v. Taylor, 229 Ala. 479, 158 So. 314 (Sup. Ct. 1934); Utt v. Herold, 127 W. Va. 719, 34 S.E.2d 357 (Sup. Ct. 1945); Winner v. Greenleaf, 161 Pa. Super. 428, 55 A.2d 582 (Sup. Ct. 1947); Langensand v. Obert, 129 Cal. App. 214, 18 P.2d 725 (D. Ct. App. 1933); Boyle v. Bornholtz, 224 Iowa 90, 275 N.W. 479 (Sup. Ct. 1934). The case of Anthony v. Hobbie, 85 Cal. App.2d 798, 193 P.2d 748 (D. Ct. App. 1948), is singularly applicable. In that case, where in a wrongful death action, a witness called by the plaintiff stated that she did not remember the facts sought to be elicited, and where she testified in the same manner in a former trial of the action it was held that she could not be impeached by the party who called her by evidence of her former statements regarding the facts she claims not to have remembered. The court disposed of the question with this comment:
"In the present case, the witness did not give unfavorable testimony but merely stated that she did not remember the facts of the accident. Furthermore the lack of surprise in the present case would seem to be indicated by the fact that this witness testified in the same manner on the first trial. * * * In any event the introduction of such prior statements would be of no value as affirmative evidence of the facts stated but would only serve to impeach the statement that the *354 witness does not now remember. Thus there would be no introduction of any positive evidence by the admission of the former statements concerning the facts of the accident."
See also, Martin v. Los Angeles Ry. Corp., 75 Cal. App.2d 744 (1946), 171 P.2d 511 (D. Ct. App. 1946).
In view of the fact that the pleas of guilty were not admissible against the plaintiffs to contradict him, they were certainly not otherwise admissible. We must bear in mind that Joslin was not a party to the civil action and, also of importance, that plaintiffs were not parties to the criminal proceedings against Joslin. Defendant very properly distinguishes between the effect and admissibility of judgments of convictions after trial and pleas of guilty. As we have heretofore pointed out, pleas of guilty, by the great weight of authority, may be introduced into evidence against a party in a civil action, not as proof of the facts upon the basis of which the plea is entered, but on the theory that it is a confession, declaration or admission against interest. This latter rule appeals to one's logic and common sense. But, to extend the rule to permit such testimony to be introduced in a civil action where the defendant in the criminal action is merely a witness having no interest whatever in the civil action, would, it seems to us, be a manifest injustice to parties who cannot be bound thereby. The identity of the driver of the defendant's vehicle was the controversial issue to be determined by the jury, and the parties adduced testimony from many witnesses to establish their respective contentions. That testimony was in sharp conflict. Assuming that the guilty pleas were admitted, it can be readily seen that such evidence might well have a decisive effect upon the jury, without any knowledge of the reasons that impelled the witness to enter his guilty pleas. It is not beyond the realm of probability that Joslin, having no recollection of what actually occurred on the wild ride, except that he was in the station wagon, and yet realizing his drunken condition, became convinced that he was in no position to successfully litigate the charges and wisely *355 decided to enter his pleas in the hope or prospect that he might thereby avoid more severe penalties, if he stood trial and was convicted. Or it may well be that his attorney, realizing the predicament of his client, may have, for the same reasons, recommended that it would be the logical course of action for Joslin to pursue. Certainly, with such possibilities involved in the entering of the pleas, they should not be admitted in evidence, particularly because of the generally accepted rule of exclusion.
The appellant contends further that the court erred in charging the jury that plaintiffs were entitled to the benefit of the presumption flowing from the fact of ownership of the station wagon. It concedes that the general rule is that proof of ownership of an automobile driven on a public highway raises a presumption of fact that such automobile was in the possession of the defendant, if not personally then through the servant-driver of the owner, and that such driver was acting within the scope of his employment. Onufer v. Strout, 116 N.J.L. 274, 275 (E. & A. 1936). It argues, however, that where that rule is applicable, the identity of the driver was not in dispute and that the controverted question was not who was driving the car, but whether the driver was the agent of the owner; that the pretrial order established that the defendant's station wagon was negligently operated, and that the only question at issue was whether it was driven by Alfred C. Rose, admittedly defendant's servant, or by one Joslin, who, under no aspect of the proof, could have been held to be defendant's agent; that the fact of ownership was not disputed; that the dispute went solely to the identity of the driver, and that if Alfred C. Rose was driving the station wagon, it was not necessary to indulge in any presumption to impose liability on the defendant for his negligence; whereas, on the other hand, if Joslin was driving the station wagon, no presumption could arise that he was the defendant's agent. The court might well have refrained from making the challenged comments. However, in examining the *356 charge, we find that it specifically instructed the jury that the burden of proof was on the plaintiffs and that the plaintiffs, by this presumption, plus the testimony of the plaintiffs' witnesses, put upon the defendant the burden of going forward with its proof in its answering denial that this vehicle was not being driven by its agent or servant; that the defendant's answers had denied liability for the accident; that the pleadings and pretrial order provided the frame within which the proofs were to be limited and read to them verbatim that portion of the pretrial order stating that outside of the question of damages, the only question was whether the operator of the station wagon was a servant or employee of the defendant, or whether Joslin was the driver; that the whole case turned on the question of the identity of the driver of the vehicle, charging specifically that Joslin "was neither an employee of the defendant nor was he acting in its behalf." It is difficult to find any prejudicial error in this aspect of the charge. Nor do we see how any confusion could have been created in the minds of the jury whereby, as charged by the defendant, the court "left to the jury to indulge the presumption that even if Joslin was driving the station wagon, he could be deemed the agent of defendant." To discover whether a charge is erroneous and whether the court has left to the jury the determination of the accuracy of two conflicting statements of the legal principle involved, the entire charge of the court must be considered and not merely some excerpt therefrom. Evans v. Jersey Central Power, &c., Co., 119 N.J.L. 88 (E. & A. 1937). We are satisfied that the court left to the jury's determination the single question as to the identity of the driver of the defendant's station wagon and that the jury could not have been misled by the statement regarding the rule with respect to the presumption arising from ownership of defendant's vehicle. Township of Parsippany-Troy Hills v. Bowman, 3 N.J. 97 (1949); Fornberg v. N.Y. & N.J. Cleaners and Dyers, 2 N.J. Super. 143 (App. Div. 1949).
*357 With respect to the fifth ground of appeal, we are satisfied that the trial court erred in taxing as part of plaintiffs' costs in the sixth trial the costs awarded to defendant on reversal of the judgments entered in the fifth trial and paid by plaintiffs prior to the sixth trial. The judgments entered in the fifth trial were appealed by defendant, as a result of which the Supreme Court reversed. Mead v. Wiley Methodist Episcopal Church, 4 N.J. 200 (1950). The mandate on reversal awarded costs taxed at $1,791.25 to the defendant. An application to the Law Division, Superior Court, to stay the further prosecution of the suits until these costs were paid was held in abeyance pending an application by the plaintiffs to the Supreme Court to set aside the taxation of these costs. That application was denied on May 22, 1950. Whereupon, defendant successfully pressed its motion to stay the proceedings until the costs were paid. From this order plaintiffs appealed and the Appellate Division affirmed. Kemble v. Wiley Methodist Episcopal Church, 12 N.J. Super. 42 (App. Div. 1951). Subsequent application to the Supreme Court for vacation of these costs was denied on October 15, 1951. The plaintiffs paid the costs on April 10, 1952, and the sixth trial was thereafter proceeded with. On motion of the plaintiffs, the trial court directed the clerk to tax the aforesaid costs as part of the judgments herein. The issue with respect to the plaintiffs' liability for these costs was clearly settled and determined by the Supreme Court when it denied their application for a vacation thereof. The mandate of the Supreme Court, following its reversal of the judgments entered as a result of the fifth trial, did not direct that payment thereof should abide the event of a sixth trial, but awarded the costs absolutely and unconditionally to the defendant. See Rule 3:69-1 and 2 Waltzinger's New Jersey Practice, p. 1001. The Supreme Court's determination was a final and conclusive disposition of the question. See Sebolt v. National Bank of New Jersey, 3 N.J. Super. 405 (Ch. Div. 1949); Ryan v. Public Service Railway Co., 3 *358 N.J. Misc. 492 (Sup. Ct. 1925); Allen v. Hickson, 6 N.J.L. 409 (Sup. Ct. 1797); Ritter v. Kunkle, 39 N.J.L. 618 (Sup. Ct. 1877).
We find no merit in the final grounds for reversal advanced by defendant that the verdicts are against the weight of the evidence and that the court erred in denying defendant's motion for a new trial. The verdicts returned followed the sixth trial of these cases. Previously, there were four successive verdicts for the plaintiffs and the second successive verdict after the pretrial order of November 19, 1948, had limited the issue to the single question as to whether Rose or Joslin was driving the car. The judgment in the fifth trial was reversed on error of the trial court. We think it is unessential to discuss in detail the testimony of the witnesses with respect to the single question submitted to the jury for its determination, except to state that the record clearly demonstrates that this issue was sharply controverted. Although the appellants concede that a factual question is not to be determined by the greater number of witnesses, it does point to what it characterizes as its greater number of responsible witnesses. In analyzing the testimony of the witnesses for the plaintiffs, the defendant criticizes their inconsistent testimony and in almost every instance concludes with the statement that the particular testimony "was far from convincing." Regardless of what factual finding we might reach as the result of our review of the evidence, we are not permitted, under the cases, to substitute our judgment for that of the jury on a fact issue. To do so would be an invasion of the prerogative of the jury and would defeat the constitutional right of trial by jury to which the plaintiffs are entitled. The appellants point out that there is no statutory prohibition in New Jersey against granting a new trial where, as here, the verdicts are clearly against the weight of the evidence, regardless of how many trials may have previously occurred. While this may be true, if this argument were followed to its logical conclusion, the result inevitably achieved would practically result in an *359 invasion of the constitutional right of trial by jury in such cases. 39 Am. Jur., New Trial, sec. 16, p. 41. In the case of Hutchinson v. Jersey Cen. Trac. R.R. Co., 100 N.J.L. 218 (Sup. Ct. 1924), at p. 220, Mr. Justice Parker, speaking for the Supreme Court, stated:
"Three successive juries have passed on the questions involved, of negligence and contributory negligence, with a result each time favorable to plaintiff" and "that their [jury] verdict, the third concurring verdict on evidence similar, if not quite identical, should be respected and adopted. Brown v. Paterson Paper Co., 69 N.J.L. 474."
Where, as here, there is a conflict of testimony and there is sufficient competent testimony which, if believed by the jury, will sustain the verdict, the court will not set it aside. Finnegan v. The Goerke Co., 106 N.J.L. 59 (E. & A. 1929).
We direct that the taxed costs of the fifth trial assessed as a part of the judgments under review be deducted. Otherwise, the judgments are affirmed.