## H. H. TRUE AND OTHERS v. CITIZENS FUND MUTUAL FIRE INSURANCE COMPANY.[1]

January 13, 1933.

No. 29,229.

*Orr, Stark, Kidder & Freeman,* for appellant.
*Roger L. Dell,* for respondents.

HOLT, J.

Defendant appeals from the order denying its motion for a new trial.

[1]Reported in 246 N. W. 474.

Plaintiffs sued defendant on two checks drawn by defendant upon Goodhue County National Bank payable to the order of plaintiffs and one A. J. Rick. One check was for $950 and one for $250, both dated November 10, 1930. The checks were indorsed by the payees and duly presented to the drawee bank for payment. Payment was refused because defendant had stopped payment. Thereupon the checks were protested for nonpayment and defendant notified thereof. The alleged defense was that the payee A. J. Rick owned a store building in which he carried on a meat market in the village of Otter Tail, Minnesota; and to protect himself against loss from fire defendant had issued and delivered to him its policies of insurance, one upon the building and one upon its contents. While such policies were in force on October 20, 1930, the insured building and property were destroyed by fire. The loss was adjusted, and pursuant thereto the checks were issued and delivered to plaintiffs and said A. J. Rick. As a defense it was alleged that A. J. Rick did intentionally and wilfully set the fire which destroyed the property, but that defendant did not acquire knowledge thereof until after delivery of the checks, and thereupon stopped payment. It is also alleged that an information was filed charging A. J. Rick with arson, to which he pleaded guilty and was sentenced on November 12, 1930. The reply denied that A. J. Rick had set fire to the property. At the close of the evidence the court directed a verdict for plaintiffs for the full amount of the checks.

The evidence shows without dispute that A. J. Rick held defendant's fire insurance policies upon the property destroyed by fire; that the loss was adjusted and that it was agreed that payment should be made therefor by the checks mentioned payable to the order of plaintiffs and A. J. Rick; that the checks were sent by the defendant to the State Bank of Perham for delivery to plaintiffs and A. J. Rick; that the last named bank so delivered them; whereupon plaintiffs and A. J. Rick indorsed and delivered the same to the last named bank for collection, which thereupon presented them for payment, but payment was refused, defendant having stopped payment. It also was proved or admitted that after the fire one of

plaintiffs sued A. J. Rick and garnisheed defendant; that the litigation was settled on November 5, 1930, which settlement included the claims of the other two plaintiffs against A. J. Rick; that the settlement was reduced to writing signed by plaintiffs herein and A. J. Rick, whereby it was stipulated that of the adjusted insurance $620 should be paid to the plaintiff Farmers State Bank of Otter Tail, $290 to the plaintiff H. H. True, and $290 to the plaintiff C. J. Rick. That left A. J. Rick no interest whatever in the proceeds of the insurance loss adjusted at $1,200. Before trial there was a more formal transfer by A. J. Rick to plaintiffs. But we have no doubt that the written stipulation of November 5, 1930, was intended to and did transfer to plaintiffs all of A. J. Rick's right and title to the $1,200, the adjusted loss on the policies mentioned. For the convenience of defendant and as approval of the payment of the proceeds of the policies to plaintiffs, the checks were made payable to the order of plaintiffs and A. J. Rick.

The appeal challenges the rulings excluding admissions made by A. J. Rick that he wilfully set fire to the property covered by the defendant's two policies so as to obtain the insurance; and excluding the judgment roll of A. J. Rick's conviction on the charge of arson of this property. The deposition of the trial judge as to the admissions made by A. J. Rick when sentence was passed stands on the same basis as the other admissions and need not be separately considered.

All the admissions of A. J. Rick of the arson, of which proof was offered and excluded, were made subsequent to November 5, 1930. When they were made he had no pecuniary interest in the insurance policies or the checks here involved. In the settlement he had already received the consideration for indorsing them as a nominal payee. He is not a party to this action, nor was he called as a witness. In that situation the offer of proof of his admissions that he wilfully set fire to the insured property was properly excluded as hearsay. The ruling was correct also on the ground of the well established rule that a party after parting with his title or interest in property cannot by statements or admissions out of court dis-

parage the title to or interest in the property not then his. Sons v. Sons, 145 Minn. 367, 177 N. W. 498; Crispo v. Conboy, 153 Minn. 343, 190 N. W. 541; Russell v. Roach, 173 Minn. 314, 217 N. W. 115; Reek v. Reek, 184 Minn. 532, 239 N. W. 599. As between plaintiffs and A. J. Rick, the settlement and stipulation of November 5, 1930, unquestionably transferred and vested all of A. J. Rick's interest in the insurance policies and the adjusted loss, the $1,200, in plaintiffs. This is not at all a parallel case to Dow v. State Bank of Sleepy Eye, 88 Minn. 355, 93 N. W. 121, cited by defendant. Even where an insured reserved a contingent interest in fire insurance policies assigned, it has been held that his admissions in disparagement of the right to recover (he having wilfully set fire to the property) made after such assignment, are not admissible in an action by the assignees. Jacobs v. Queen Ins. Co. 195 Mich. 18, 161 N. W. 936.

We are also of the opinion that the record of A. J. Rick's conviction was not admissible in this action where neither Rick nor the state is a party. Had this suit been between A. J. Rick and the defendant in respect to their rights growing out of the loss by fire of the property insured, Rick's plea of guilty of the charge of arson would have been receivable against him as an admission. But since his plea of guilty, entered after he had parted with his interest in the insurance, could not be received in evidence as an admission in. this action brought by those to whom he had assigned such interest, it follows that neither is the judgment entered on such a plea admissible. Neither plaintiffs nor defendant were parties to the criminal proceeding, and we have been cited to no case holding the judgment roll in the criminal case admissible as substantive evidence of any issue in a civil case between parties other than these in the criminal case. In the two well considered cases relied on by appellant, viz. Schindler v. Royal Ins. Co. 258 N. Y. 310, 179 N. E. 711, and Eagle, S. & B. D. Ins. Co. v. Heller, 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490, the plaintiff in each case sued to recover for the loss of property by fire insured against by the defendant; and it was held that the latter could introduce the judgment of the plaintiff's conviction on the charge of arson of the property covered

by the policy, the Schindler case holding that such conviction was prima facie evidence only that the plaintiff had wilfully set the insured property on fire. But here, as stated, the one who was convicted of arson is not a party to the suit and had parted with his interest in the subject matter of the suit before he pleaded guilty and before the judgment of conviction was entered. Plaintiffs conceded, as they must, that it would have been a good defense to this action to prove that the insured did wilfully cause the destruction by fire of the property covered by defendant's policies. Their objections to the evidence excluded went solely to the point that as against these plaintiffs it was improper, hearsay, admissions made by one not a party to this action after he had parted with all interest in the subject matter of the litigation—that the judgment of conviction with attached judgment roll was in a case where none of the parties here involved were parties, and rendered subsequent to the time plaintiffs acquired their rights to the adjusted insurance.

The order is affirmed.