## L. E. MILLS v. M. G. HARSTEAD.[1]

May 26, 1933.

No. 29,394.

*Daggett & Redlund* and *John B. Burke*, for appellant.

*A. L. McConville, William H. Seward,* and *T. D. Sheehan,* for respondent.

*OLSEN, Justice.*

Defendant appeals from an order denying his motion for a new trial after trial and verdict in favor of the plaintiff.

The action is to recover damages for personal injuries, for damages to plaintiff's automobile, and for hospital and medical expenses incurred, claimed to have been caused by the negligence of defendant's servant in operating a truck for the defendant on a public

[1]Reported in 248 N. W. 705.

highway. There is a general assignment of error that the verdict is not sustained by the evidence. No claim is made under this assignment that the verdict is not sustained by the evidence, except as to the amount of recovery, to be hereinafter considered. Defendant's counsel frankly state in their brief that the action was tried out solely on the question of damages.

■ Error is claimed on the ground that the court admitted evidence to show that George Guindon, defendant's servant who drove the truck, was thereafter arrested and convicted, on his plea of guilty, of the crime of driving a motor vehicle while under the influence of liquor or intoxicated, as we understand it, at the time of the accident. This evidence consisted of the complaint filed in justice court, the information filed by the county attorney, and testimony showing plea of guilty and sentence. George Guindon was neither a party nor a witness in the case. We know of no rule making this evidence competent or admissible against the defendant in the present suit. It was error to admit the evidence. True v. Citizens Fund Mut. F. Ins. Co. 187 Minn. 636, 246 N. W. 474. There was, however, the uncontradicted testimony of three witnesses, present at the place of the accident, at the time of or very shortly after the accident, who saw and observed George Guindon there, and each testified that he was intoxicated. The testimony of these witnesses is not here challenged nor any error assigned thereon. The evidence of two of them was not objected to at the trial. In that situation, the jury could not find otherwise than that Guindon was driving the truck while intoxicated at the time of the accident. The incompetent evidence as to his being thereafter charged with and convicted of the offense could add nothing to what was otherwise conclusively proved, and was not prejudicial.

■ The verdict is challenged as excessive. Approved as it is by the trial judge, who saw the plaintiff in court and observed his actions and demeanor and such visible marks of his injuries as then appeared, we cannot hold the verdict so excessive as to evidence passion or prejudice on the part of the jury or to call for a new trial. The verdict was for $6,215, of which $500 was for dam-

ages to plaintiff's automobile and $172.50 for hospital and medical expenses. There were numerous cuts, bruises, and injuries. Plaintiff was 35 years old at the time. He was employed as a draftsman and estimator, earning a salary of $153 per month. He was confined to the hospital for 12 days and incapacitated from any work for about 35 days. There was pain and suffering. There was an injury to the right eye which the doctors testified caused a 40 per cent loss of vision in that eye, and a 10 per cent industrial loss according to computation used by the state industrial commission. There was a cut through the eyebrow extending down over the cheek, and a number of other cuts through the flesh of the face, requiring numerous stitches. There was a fracture of the tip of the radius bone of the left arm. The knees were bruised and swollen, and bursitis resulted in one knee. Permanent injuries appear to be the eye injury, some restriction of motion of the left wrist, and scars from the cuts in the face and cheek. The bursitis in the one knee can be cured by a comparatively simple operation. Plaintiff testified that because of the decreased vision in one eye he was hampered in his work as a draftsman, which required the use of blue prints and drawings. The verdict of about $5,500 for his personal injuries may be liberal but does not call for reduction here.

The order appealed from is affirmed.