# ESSIE WILLIAMS v. LAWRENCE JAYNE AND OTHERS.[1]

July 11, 1941.

Nos. 32,586, 32,759.

[1]Reported in 299 N. W. 853.

*Stinchfield, Mackall, Crounse & Moore, Leslie L. Anderson,* and *Bryce E. Lehmann,* for appellant.

*L. A. Jayne* and *Johnson, Sands & Brumfield,* for respondents Lawrence Jayne and Stephen Finnigan as administrators, Addie Stephan, Belle Blackstone, and Stephen Finnigan.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly, Kellogg, Morgan, Chase, Carter & Headley, Patrick J. Ryan,* and *O'Brien, Horn & Stringer, amici curiae.*

STONE, JUSTICE.

Action for a declaratory judgment. The decision was that the trust of which plaintiff claimed to be trustee had not been established. Plaintiff first appealed from the order denying her alternative motion for amendment of the findings or a new trial. Thereafter judgment was entered, and she also appeals from that. We consider the case on the appeal from the judgment, as that searches the whole record.

Estella Simmons departed this life February 11, 1939. She had long been a resident of St. Paul, and for all of 30 years plaintiff, who is a member of our bar, had been her legal adviser. Her unencumbered estate is said to have had a value at the time of her death of near $400,000. It consisted largely of good securities such as government, state, and municipal bonds. There was some cash. Shortly before the death of Miss Simmons, plaintiff, by a process details of which are not now important, became possessed of $25,000 face value of government bonds and $5,000 in cash belonging to Miss Simmons. After her death plaintiff asserted that she took that sum under the oral direction of Miss Simmons to hold it in trust for the purpose of paying estate and inheritance taxes on the gifts hereinafter mentioned and defraying the cost of litigation that might arise from the distribution of her estate.

There is no writing to evidence the trust so asserted. Neither is there any writing, over the signature of the decedent, to evi-

dence her intention concerning the distribution of the remainder of her estate. For some undisclosed reason, she did not make a will. Her preference apparently was for gifts *causa mortis*. In a safety deposit box there was found after her death a tabular list, enumerating 32 of such gifts intended or made by Miss Simmons. The amounts ranged from $1,000 to $15,000, and the total is $137,000. Attached to and part of such list, as we understand the record, was a provision for the distribution of the residue of the estate to five named persons. It had no signature.

Why it is that such an unbusinesslike and unlawyerlike method of providing for and attempting the distribution of the estate was pursued is not disclosed by the record. Miss Williams testified that it was against her advice. She did, however, go along with her client's plan, with the result that this case seems to be only a fraction of the resulting litigation.

The decision below, on the facts, was that the trust asserted by plaintiff had not been established. It was put exclusively upon the ground that "plaintiff's testimony was contradictory and inconsistent on material facts at issue and, in certain respects, definitely impeached; and, with her demeanor on the witness stand, plaintiff's evidence is not entitled to credence."

We need not consider whether, as matter of law, the evidence for plaintiff, taken at face value, is sufficient to establish the alleged trust. We do not determine whether that evidence shows with enough certainty the terms of the trust or that there was segregation and delivery, during the life of decedent, of the securities and cash which on plaintiff's claim constitute the trust property. It is enough that we must sustain the decision on the ground assigned in our quotation therefrom.

■ We confine decision to the elementary proposition that such a finding of fact is not to be disturbed if the evidence reasonably supports it. We are compelled to say that it does. Under the rule of O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, we decline to consider the assigned element of plaintiff's "demeanor

on the witness stand" except insofar as it appears from the record. Such a decision cannot be sustained on the factor of "demeanor" alone unless it appears from the record in discernible and determinative fashion. If it does not, mere demeanor of a witness, party or not, cannot be a factor of decision here.

The evidence does show that as a witness plaintiff did not manifest that candor which a judge has a right to expect from an attorney on the witness stand. She was too much inclined to spar with cross-examining counsel rather than meet his questions promptly and fairly with candid answers.

■ There is one thing so prominent in the record and casting such discredit on plaintiff's case that it would be highly improper for us to reverse judgment. The record abounds with apparent self-contradiction by plaintiff. There is evidence of repeated declarations by her that the involved bonds and cash were delivered to or taken by her as a fee, with no qualification to indicate that it was a trust fund. If such declarations are true there was no trust.

■ At this point the argument for appellant lapses into inexcusable error. There is some claim that no foundation was made for the impeachment of plaintiff as a witness. The argument continues to the effect that the testimony impeaching her was negative and admitted only for the purpose of impairing her credibility.

Such argument ignores two controlling factors. One is that plaintiff was not only a witness but also a party. Therefore, her inconsistent declarations in or out of court, in the nature of admissions, came in not merely as impeaching testimony but as substantive evidence. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 3409. Such an admission "often carries conviction." Linderoth v. Kieffer, 162 Minn. 440, 444, 203 N. W. 415, 417. See Annotation, 126 A. L. R. 66, 77.

Another thing ignored by the argument for plaintiff is that her case rests almost exclusively on her own testimony. Therefore, even though the impeaching testimony could be properly given

only negative or discrediting effect, it yet might be sufficient to justify the fact trier in holding that her case was not sustained by the necessary preponderance of credible testimony.

■ Apparently no service of the summons was made upon defendant Mildred Fife. But she appeared generally by demurring to the complaint (2 Mason Minn. St. 1927, § 9239; Carr-Cullen Co. v. Cooper, 144 Minn. 380, 175 N. W. 696) which was overruled. Thereafter, she failed to answer. Notwithstanding, the decision below was that inasmuch as she had not appeared, the action as to her should be dismissed. That was error, but not of such moment as to require reversal. The judgment, as affirmed here, will dispose of the case with Mildred Fife as a continuing defendant rather than as one who had been eliminated by dismissal before judgment.

Judgment affirmed.

