## ARLEN KVANLI v. VILLAGE OF WATSON.

139 N. W. (2d) 275.

December 17, 1965—No. 39,834.

*Meehl, Wiltrout & Blaufuss, Irving J. Wiltrout,* and *John C. Haave,* for appellant.

*Johnson, Schmidt & Thompson, Robert G. Johnson, Nelson & Oyen,* and *John P. Nelson,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

On July 22, 1960, while employed at a drive-in theater near Montevideo, Arlen Kvanli was injured when struck by a motor vehicle operated by Lee Lanes. Kvanli sued defendant, which operates a municipal liquor store in the village of Watson, claiming that it illegally sold intoxicating liquor to Michael Preckel, a minor; that Preckel shared his purchase with Lanes, also a minor; and that the accident occurred because Lanes became intoxicated as a result. The action was premised on the Civil Damage Act of the State of Minnesota, Minn. St. 340.95. The jury, instructed that any award should be reduced by $12,000 which plaintiff had previously received in settlement of his claim against Lanes, returned a verdict in plaintiff's favor for $27,500.

The appeal raised these issues:

(1) Does the Civil Damage Act (§ 340.95) impose liability for damages caused by a person other than the one to whom the intoxicating liquor was furnished by the defendant?

(2) Does the evidence support a finding that the intoxication of Lanes, if any, was "caused" by an illegal sale of liquor within the meaning of § 340.95?

(3) Does the evidence support a finding that the accident which resulted in injury to plaintiff was caused by intoxication on Lanes' part?

(4) Did the trial court commit prejudicial error (a) in rejecting a release executed by Kvanli when he settled with Lanes; and (b) in receiving in evidence the judgment roll in proceedings where an employee of the defendant pleaded guilty to an information charging him with having sold 30 bottles of strong beer to Michael Preckel, a minor, on July 22, 1960?

(5) Is the amount of the verdict returned by the jury so high as to reflect passion and prejudice and, if not, does the evidence support a verdict in the amount awarded by the jurors?

■ Liability under the Civil Damage Act is not restricted to cases where damage is caused by the person to whom the intoxicating liquor

was furnished by the defendant. Benes v. Campion, 186 Minn. 578, 244 N. W. 72; Murphy v. Hennen, 264 Minn. 457, 119 N. W. (2d) 489, noted in 48 Minn. L. Rev. 126.

■ But to establish liability under § 340.95 there must be a practical and substantial relationship between (a) the circumstances making the sale illegal, and (b) the circumstances accounting for the consumption of the liquor by the one whose intoxication caused damage. For example, there would be no such relationship between a sale illegal because made to an obviously intoxicated adult and consumption of the liquor by another adult who received it from the purchaser after he had regained sobriety.

■ In this case the trial court limited the ambit of the seller's responsibility by instructing that it was the plaintiff's burden to show that the manager of the defendant liquor store knew or had reason to know that the liquor sold to Michael Preckel would be consumed by others. While this instruction would not serve for general use, it was an adequate limitation in this case. There was evidence that Preckel purchased twenty-four 12-ounce bottles of beer under circumstances which should have indicated to the liquor store operator that the minor would share it with others forbidden by law to purchase the liquor themselves. An object of the prohibition of sale to minors is to guard against use by persons presumed to lack mature judgment. The danger is as great where he gives it to another, also a minor, as if the purchaser consumes it himself.

The time elapsing between an illegal sale and consumption by a third person, or the occurrence of other intervening events, could make the relationship between the sale and the use too tenuous to permit a finding of causal relationship. But where, as here, the minor purchases a quantity of intoxicating liquor far in excess of that which he might reasonably be expected to consume himself; and where there is no evidence of facts which would cause the seller to believe the purchase to have been made for any purpose other than immediate consumption; and where, as here, the purchaser and his companions, also minors, promptly consume a sufficient quantity of the liquor to become intoxicated (even though not on the premises and in view of the supplier), we believe the evidence sufficient to support a jury finding of a causal relationship be-

tween the circumstances of the illegal sale and the resulting intoxication.

■ The evidence also supports a finding that Lanes became intoxicated because of the consumption of the strong beer. He consumed at least 48 ounces of it within a period of 2 hours immediately before the accident. Expert opinion was adduced to show that this would result in a blood alcohol content of .12 percent at the time of the collision with resultant loss of judgment and perception. The admission of this opinion was not error.[1] The manner in which Lanes drove the automobile involved immediately before and after the accident also supports this finding.

■ The jury was justified in concluding that intoxication caused plaintiff's injury. Lanes, accompanied by the other two minors, entered the drive-in theater where Kvanli was working as a special policeman by way of the "exit" driveway. He then drove about 30 miles per hour at night with lights out along an alley between rows of parked cars; lost control of the vehicle so that it collided with one of the loudspeaker assemblages; reduced his speed from about 30 miles per hour to a near stop about 10 feet from plaintiff; and then accelerated. Trying to avoid being run over, Kvanli raised his arms and hands before him. The ring finger of his left hand caught the rearview mirror appended to the moving car. The injury resulted. The vehicle then sped from the parking area, the driver making no attempt to give aid or comfort to the injured plaintiff. The jury could infer that lack of judgment or perception resulting from intoxication produced by the consumption of the liquor was a proximate cause of the events which brought about the injury. There is nothing in the record to support a finding that negligence on the part of plaintiff himself was the sole cause of the accident. Concurring negligence, if any, would not bar recovery.[2]

---

[1] See, Commonwealth v. Capalbo, 308 Mass. 376, 32 N. E. (2d) 225; Cloud v. Market St. Ry. Co. 74 Cal. App. (2d) 92, 168 P. (2d) 191; Bryant v. State, 159 Tex. Cr. 98, 261 S. W. (2d) 728; Macon Busses Inc. v. Dashiell, 73 Ga. App. 108, 35 S. E. (2d) 666; Annotations, 77 A. L. R. (2d) 971, 159 A. L. R. 209, and 127 A. L. R. 1513.

[2] See, Beck v. Groe, 245 Minn. 28, 35, 70 N. W. (2d) 886, 892, 52 A. L. R. (2d) 875; Note, 46 Minn. L. Rev. 169, 181.

■ We find no reversible error with respect to the ruling of the trial court on matters of evidence.

(a) A release executed by plaintiff when his cause of action against Lanes was settled was not relevant to the issues of the case. The amount received was significant and that evidence was accepted.[3]

(b) The judgment roll in criminal proceedings against defendant's employee, Torgerson, involving a charge arising out of the sale to Preckel, was received in evidence.

A prior plea of guilty may be admissible against a party to an action as an admission against interest.[4] Such a plea made by the servant of a party is not admissible as an admission against interest against the principal unless authorized by the principal and should be rejected if proper objection based upon the ground of hearsay is made.[5] A prior inconsistent statement made by a witness not a party is admissible not as substantive evidence but for the purpose of impeachment.[6]

In this case the judgment roll was properly received in evidence for the purpose of impeachment. Torgerson testified upon cross-examination under the rules that the quantity of strong beer sold to Preckel was 18 bottles. In effect, he denied having made a prior inconsistent statement that the amount actually sold by him was thirty 12-ounce bottles. The information to which he pleaded guilty specified the amount sold by him to have been the larger quantity.

Had proper objection been made, a jury finding that Preckel was under 21 years of age at the time of the purchase could not have been based in whole or in part upon Torgerson's acknowledgment implicit in his plea

---

[3] See, Ritter v. Village of Appleton, 254 Minn. 30, 93 N. W. (2d) 683; Bundy v. City of Fridley, 265 Minn. 549, 122 N. W. (2d) 585; Lund v. Village of Watson, 260 Minn. 273, 109 N. W. (2d) 564.

[4] See, Wischstadt v. Wischstadt, 47 Minn. 358, 50 N. W. 225; Klein v. Pasch, 153 Minn. 291, 190 N. W. 338; Jankowski v. Clausen, 167 Minn. 437, 209 N. W. 317. But see, Warren v. Marsh, 215 Minn. 615, 11 N. W. (2d) 528.

[5] See, True v. Citizen's Fund Mutual Fire Ins. Co. 187 Minn. 636, 246 N. W. 474; Mills v. Harstead, 189 Minn. 193, 248 N. W. 705; Annotation, 18 A. L. R. (2d) 1287.

[6] Compare Klingman v. Loew's Incorporated, 209 Minn. 449, 296 N. W. 528, with Williams v. Jayne, 210 Minn. 594, 299 N. W. 853.

of guilty to the information that Preckel was a minor at the time of the sale. Objection upon the proper ground was not made. No instruction to limit the uses of the evidence to that of impeachment was requested.[7] There appears to have been no serious question about the fact that Preckel was in truth a minor on July 22, 1960. We do not feel that justice will be served by reversal based upon this aspect of the case.

■ We come now to the question of whether the verdict should be reduced or a new trial ordered because of the amount. The record shows no appeal to passion and prejudice on the part of plaintiff or his counsel. Management of the trial by the district judge was admirably fair. If there is a reasonable basis in the evidence for the verdict returned, retrial of the issue of damages is not justified.

The initial injury was a tearing or shredding of the ring finger of the left hand. The distal half of the finger was amputated on July 22, 1960. In January 1961, the rest of the finger was removed to eliminate a painful stump. This second surgical procedure did not help. In June the distal third of the metacarpal bone was removed. Finally, in August 1961, the balance of this metacarpal bone was removed and a digital neuroma excised.

As a result of the initial injury and the surgical procedures made necessary by it, plaintiff now has a gross disfigurement and permanent disablement of the entire right hand. The special damages incurred approximate $6,000. There was ample evidence to support a jury finding that plaintiff, with a life expectancy of some 40 years, will experience a substantial loss of earning capacity.

A detailed recitation of the evidence of damage would be of minimal value as precedent because of the circumstances peculiar to this case. We limit ourselves to the statement that we have examined it with care. The trial judge has reviewed the matter and concluded that the verdict was not excessive. We concur.

Affirmed.

---

[7] See, Erickson v. Paulson, 251 Minn. 183, 87 N. W. (2d) 585; Johnson v. Farrell, 210 Minn. 351, 298 N. W. 256; State v. Saporen, 205 Minn. 358, 285 N. W. 898; State v. Lemke, 207 Minn. 35, 290 N. W. 307; Klingman v. Loew's Incorporated, *supra;* McCormick, Evidence, § 52; 1 Wigmore, Evidence (3 ed.) § 18(C).