Marvin R. JOHNSON, Respondent,

v.

Michael Joseph KOTVAL, Marvin Brinker, a.k.a. Marv Brinker, individually and d.b.a. Marv's Distributing Company, Respondents,

Dale E. Colberg, individually and d.b.a. Chisago Lakes Distributing Co., Inc., Appellant,

Daniel O'Shea, a.k.a. Dan O'Shea, individually and d.b.a. Palmdale Tap & Grill, a.k.a. Palmdale Tavern, a.k.a. Palmdale Bar, Respondent.

Nos. C3-84-1880, C9-85-310.

Court of Appeals of Minnesota.

June 25, 1985.

Gerald J. Seibel, Minneapolis, Casimir L. Cyptar, St. Paul, for Marvin R. Johnson.

Todd P. Young, St. Paul, for Michael Joseph Kotval.

Charles E. Spevacek, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

On July 23, 1978 plaintiff Marvin R. Johnson was injured when his motorcycle was struck by a car driven by defendant Michael Kotval. Johnson began a negligence action. The jury determined in a special verdict that wholesale liquor vendor Colberg made an illegal sale of non-intoxicating malt beverages to Marvin Brinker, an unlicensed vendor, and that the illegal sale was a direct cause of the accident. The jury apportioned 14% of the fault to Colberg, 84% to driver Kotval, and 2% to Brinker. Plaintiff was awarded $1 million.

Colberg appeals the trial court's order denying a new trial. We reverse and remand.

## FACTS

On July 23, 1978, respondent Johnson was seriously injured when the motorcycle he was riding was struck by a car driven by respondent Michael Kotval. The accident occurred when Kotval's car crossed the centerline into Johnson's lane of traffic. The Minnesota State Patrol estimated the speed of Kotval's car at over 100 miles per hour just before impact. A sample of Kotval's blood taken after the accident showed a blood/alcohol content of .20.

Kotval spent the day of the accident at a softball tournament organized by respondent Brinker. Brinker and his team sold 3.2 beer at the tournament although he was not licensed to sell it. Kotval drank beer from around noon until he left for home at 5:00 p.m.

The beer sold at the tournament was obtained from appellant Colberg, a licensed wholesale distributor of malt liquor. The beer was dispensed at the tournament from a refrigerated tap trailer owned by Colberg.

Colberg delivered the loaded tap wagon to O'Shea's field the Friday before the tournament, and did not return to the field until after the tournament.

At trial, Johnson contended, and the jury found, that Colberg sold the beer and rented the tap trailer directly to Brinker. Colberg claimed he sold the beer and rented the beer trailer not to Brinker, but to O'Shea, who had a retail on and off-sale license. O'Shea denied his retail license covered the ball field, and denied ordering beer. He said the Colbergs only wanted him to guarantee payment for the beer.

The jury found Kotval negligent in the operation of his car, and found that both Colberg and Brinker had made illegal sales of 3.2 beer. The jury found O'Shea did not make any illegal sale of 3.2 beer. The jury also found that Kotval's negligence and the two illegal sales of 3.2 beer caused Johnson's injuries. Fault was apportioned 84% to Kotval, 14% to Colberg and 2% to Brinker. Damages were found in the amount of $1 million.

## ISSUES

1. Did the trial court err in ruling that there is a common law negligence action against a wholesale distributor of 3.2 beer for violating Minn.Stat. § 340.02, subd. 5 (1978), a licensing provision?

2. Did the trial court err by finding a common law action since the legislature created an exclusive penalty, § 340.036, for violations of the licensing provision?

## ANALYSIS

1. The parties agree that the 1982 amendment to § 340.95, which created an action under the Civil Damages Act for illegal sales of 3.2 beer resulting in injury, does not apply to this case.

Therefore, the essential question is whether current Minnesota law permits a common law negligence action for violations by wholesale liquor distributors of statutory licensing provisions.

Before the Civil Damages Act encompassed sales of 3.2 liquor, the Minnesota Supreme Court held there was a common law tort action against a liquor vendor for selling 3.2 beer in violation of provisions prohibiting sales to intoxicated persons and sales to minors. *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973).

The Minnesota Supreme Court expressly confined *Trail* to:

> * * * sales of 3.2 beer to minors or those already intoxicated and the ensuing civil liability of the commercial vendor whose sale under these circumstances results in injuries to an innocent third party not a patron of the vendor.

*Robinson v. Lamott*, 289 N.W.2d 60, 64 (Minn.1979), (citing *Trail*, 298 Minn. 101, 104, 213 N.W.2d 618, 620).

■ Respondents ask that we extend the holding of *Trail* to create a common law negligence action against wholesalers who commit a licensing violation, no matter how much time elapses or how many transactions occur between sale by the wholesaler and the subsequent injury caused by the consumer. This is not a logical extension of *Trail*.

■ Assuming arguendo that § 340.036 does not prohibit a common law negligence action, under a negligence theory, the wholesale sale must still be a proximate cause of the accident. There is no proximate cause here. The *Trail* court, citing the California Supreme Court on proximate cause, stated:

> * * * [I]t is clear that the furnishing of an alcoholic beverage to an intoxicated person may be a proximate cause of injuries inflicted by that individual upon a third person. If such furnishing is a proximate cause, it is so because the consumption, resulting intoxication, and injury-producing conduct are foreseeable intervening causes, or at least the injury-

producing conduct is one of the hazards which makes such furnishing negligent. *Trail*, at 108–09, 213 N.W.2d at 624, (quoting *Vesely v. Sager*, 5 Cal.3d 153, 163, 95 Cal.Rptr. 623, 630, 486 P.2d 151, 158 (1971)).

The Minnesota Supreme Court has described proximate cause under the Civil Damages Act as follows:

> To establish liability under § 340.95 there must be a practical and substantial relationship between (a) the circumstances making the sale illegal, and (b) the circumstances accounting for the consumption of the liquor by the one whose intoxication caused damage. For example, there would be no such relationship between a sale illegal because made to an obviously intoxicated adult and consumption of the liquor by another adult who received it from the purchaser after he had regained sobriety.

*Kvanli v. Village of Watson*, 272 Minn. 481, 484, 139 N.W.2d 275, 277 (1965).

As was the case in *Kvanli*, the wholesale sale by Colberg is too far removed from the resultant injury to constitute proximate cause.

■ 2. In 1983, the Minnesota Supreme Court specifically reserved the question of whether violation of a licensing provision was an "illegal sale" under Minn.Stat. § 340.95, the Civil Damages Act. *Hollerich v. City of Good Thunder*, 340 N.W.2d 665, 669 (Minn.1983).

The legislature created a penalty specifically for violations of the Non-Intoxicating Malt Liquor Act, including violations of the licensing provision § 340.02, subd. 5. This penalty, embodied in § 340.036, provides that anyone who violates that act is guilty of a misdemeanor.

We will not expand upon the legislatively prescribed penalty by adding the penalty of liability under the Civil Damages Act.

Because we reverse on the issue of proximate cause, we do not address appellant's other claims.

Because there is no proximate cause, the trial court's ruling must be reversed.

## DECISION

We reverse the judgment against appellant Colberg, and remand for a new trial for the remaining defendants.